JACQUELYN BURRELL

FILED 6-26-19

GARY L. HARRISON
CLERK SUPERIOR COURT
19 JUN 26  AM 11: 13

## ARIZONA SUPERIOR COURT, PIMA COUNTY

*Lola Wilkerson*

**Name of Petitioner/Plaintiff**

Case Number: **C20193114**

*Barbara LaWall, Victoria Otto*

**AFFIDAVIT IN SUPPORT OF APPLICATION FOR DEFERRAL OR WAIVER OF SERVICE OF PROCESS FEES**

*Chris Mangus*

**Name of Respondent/Defendant**

| STATE OF ARIZONA | ) |
|---|---|
| COUNTY OF PIMA | ) ss. |

**Notice.** A Fee Deferral is only a temporary postponement of the payment of the fees due. You may be required to make payments depending on your income. A Fee Waiver is usually permanent unless your financial circumstances change during the pendency of this court action.

**I have requested a deferral or waiver of the following fees in my case:**

[X] **Fees for service of process by a sheriff, marshal, constable, or law enforcement agency:** In support of my request, I state that (check and complete any that apply):

   [X] I have attempted to obtain voluntary acceptance of service of process without success on the person to be served.

   [ ] It would be useless or dangerous for me to try to obtain voluntary acceptance of service by the person to be served because (explain):

   _____
   _____

   [ ] An enforceable injunction against harassment has been granted to me against the person to be served.

[ ] **Fees for publication:** In support of my request, I state that I have attempted to locate the person to be served but I have been unable to locate that person (check and complete any that apply):

   [ ] This is what I did to try to find the other party (explain):

   _____
   _____

   [ ] I have contacted the person(s) listed below to try to find the location of the other party.

   **NAME**         **ADDRESS**

   _____
   _____

### OATH OR AFFIRMATION

I declare under penalty of perjury that the foregoing is true and correct.

Date: **JUN 1 9 2019**

_____
Signature

*Lola Wilkerson*
Applicant's Printed Name

### INFORMATION FOR SERVICE

**You must provide the following information:** To the best of my knowledge, as of (date) *6/18/19*, the last known address of the person to be served as: *Barbara LaWall and Victoria Otto 32 N. Stone Ave, Tucson AZ 85701, Chris Mangus 270 S Stone Ave. Tucson, AZ 85701*

1

Person Filing: _Lola Wilkerson_
Address (if not protected): _4608 E. Lester St._
City, State, Zip Code: _Tucson, Az. 85712_
Telephone: _(520) 365-7967_
Email Address: _lolawilkerson18810 gmail.com_
Representing [X] Self or [ ] Attorney for _____
Lawyer's Bar Number: _____

FILED
GARY L. HARRISON
CLERK SUPERIOR COURT
**6-26-19**
19 JUN 26 AM 11: 15
**JACQUELYN BURRELL**
BY _____
DEPUTY

# SUPERIOR COURT OF ARIZONA

## IN _Pima_ COUNTY

_Lola Wilkerson_

**Name of Plaintiff**

_Barbara LaWall,_
_Victoria Otto,_
_Chris Mangus_

**Name of Defendant**

Case Number: **C20193114**

**Title: CIVIL COMPLAINT**

_fraudulant use of government_
_Resources, and violation of_
_Constitutional Rights_

Plaintiff hereby submits this complaint against Defendant(s) and alleges the following:

**JURISDICTION and VENUE**

# D. Douglas Metcalf

1. The Superior Court in _Pima_ County has the legal authority to hear and decide this case because: *(Check all boxes that are true.)*

    [X]   The value of this case exceeds $10,000 dollars.

    [ ]   Replevin or other nonmonetary remedy will take place in _____ County.

    [X]   The Plaintiff resides in _Pima_ County.

    [X]   The Defendant resides in _Pima_ County.

    [X]   The Defendant does business in _Pima_ County.

Case Number: _____

[X]   The events, actions, or debts subject of this Complaint occurred in _Pima_
County.

[ ]   Other reason: _____
      _____

## DISCOVERY TIER

2.   Pursuant to Arizona Rules of Civil Procedure, Rule 26.2 (c) (3), the Court should assign my case
     to the following tier based on the amount of damages I request.

[ ]   Tier 1 = Actions claiming $50,000 or less in damages.

[ ]   Tier 2 = Actions claiming more than $50,000 and less than $300,000 in damages,

OR    Actions claiming nonmonetary relief.

[X]   Tier 3 = Actions claiming $300,000 or more in damages.

## PARTIES

3.   The Plaintiff in this case is:
     _Lola Wilkerson_
     _____

4.   The Defendant in this case is:
     _Barbara LaWall, Victoria Otto, Chris_
     _Mangus_

## STATEMENT OF FACTS AND BREACH

5.   _Barbara LaWall and Victoria Otto as_
     _prosecutors for Pima County applied statute_
     _13-107 as applied in 1993 to case # :180907033? on_
     _Oct, 10th 2018, the statute can not be substanciated_
     _by the state according to Professional Standards_
     _Complaint # 17-0203, on may 19, 2019._

Case Number: _____

6. Chris Mangus, as chief of police is Responsible for officers conduct, and/or any fraudulant statements, reports or actions comitted against citizens.

7. The fraudulant use of power or authority that violates the 14th Amendment, "no deny equal protection under the law"; section 1 Rev. 1992.

8. Barbara Lawall, Victoria Otto, Chris Mangus violated Lola Wilkerson's 14th Amendment Right Section 1 (Rev. 1992).

9. _____
   _____
   _____

10. _____
    _____
    _____

(If you need more space, add an attachment labeled "Statement of Facts and Breach," and continue consecutive numbering.)

**APPLICABLE LAW SUPPORTING CLAIMS**

( 1 ) By the state applying 13-107, they legally obligated to substanciate statute and they are not able to do so.

( 2 ) Violations of 14th amendment, section 1 Rev. 1992.

(   ) _____
     _____

**Case Number:** _____

( )    _____
       _____
       _____

( )    _____
       _____

( )    _____
       _____

( )    _____
       _____

(If you need more space, add an attachment labeled "Applicable Laws Supporting Claims," and continue consecutive numbering )

**INJURIES**

( 1 )  Lola Wilkerson was forced to continue residing with her rapist

( 2 )  Refusal of medical care, victim advocate, counseling resources, protection by law enforcement denied.

( 3 )  Lola Wilkerson developed PTSD and anxiety disorders as a result of actions this is a life long condition.

( 4 )  due to mental health deterioration, Lola Wilkerson was not able to mother her 3 children and lost custodial Rights.

( 5 )  due to mental health deterioration, Lola Wilkerson has been homeless and living

(If you need more space, add an attachment labeled "Injuries," and continue consecutive numbering.)

**BEST COPY**

<u>Injuries</u> Continued

5.) homeless on 3 occasions over last 25 years.

6) due to her mental conditions Lola Wilkerson attempted suicide several times in the past 25 years.

7) due to the Retramatzation of this case Lola Wilkerson has been unable to work or support herself since Aug. 23, 2018.

Case Number: _____

## DEMAND FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against defendant(s), and each of them (if applicable) for the following dollars, interest, costs, and expenses incurred herein, or non-monetary remedy, including reasonable attorneys' fees, and for such other and further relief as the Court may deem just and proper.

( 1 ) Seeks further relief that all medical / mental treatment associated with PTSD or anxiety will be paid for by the defendants, for the rest of her natural life.

( 2 ) That the statute of limitations be removed, tort law applied to reflect the fact that it only found out it was a crime in 2018.

( 3 ) That all monetary awardments will be paid within 90 days, or penalties and fees will be applied.

( 4 ) That all monetary awardments are to be tax fees exempt.

( 5 ) All legal fees will be paid by defendants

(If you need more space, add an attachment labeled "Demand for Relief," and continue consecutive numbering.)

Dated this 6/26/19 .
*(Date of signature)*

_Lola Williamson_
(Signature of Plaintiff or Plaintiff's Attorney)

JACQUELYN BURRELL

FILED 6-26-19

GARY L. HARRISON
CLERK SUPERIOR COURT

**ARIZONA SUPERIOR COURT, PIMA COUNTY**

*Lola Wilkerson*

19 JUN 26 AM 11: 14

**Case Number:** **C20193114**

**Name of Petitioner/Plaintiff**

*Barbara Lawall, Victoria Otto*

*Chris mangus*

**Name of Respondent/Defendant**

**ORDER REGARDING DEFERRAL OR WAIVER OF COURT FEES AND COSTS AND NOTICE REGARDING CONSENT JUDGMENT**

BY

---

**THE COURT FINDS** that the applicant (print name) ___*Lola Wilkerson*___ :

1. [ ] IS NOT ELIGIBLE FOR A DEFERRAL of fees and costs.

   **OR**

2. [ ] IS ELIGIBLE FOR A DEFERRAL of fees and costs based on financial eligibility. As required by state law, the applicant has signed a consent to entry of judgment.

   **OR**

3. [✓] IS ELIGIBLE FOR A DEFERRAL of fees and costs at the court's discretion (A.R.S. § 12-302(L)).

   **OR**

4. [ ] IS ELIGIBLE FOR A DEFERRAL of fees and costs based on good cause shown. As required by state law, the applicant has signed a consent to entry of judgment.

   **OR**

5. [ ] IS ELIGIBLE FOR A WAIVER of fees and costs because the applicant is permanently unable to pay.     **OR**

6. [ ] IS ELIGIBLE FOR A WAIVER of fees and costs at the court's discretion (A.R.S. § 12-302(L)).

   **OR**

7. [ ] IS NOT ELIGIBLE FOR A WAIVER of fees and costs.

**IT IS ORDERED:**

[ ] **DEFERRAL IS DENIED** for the following reason(s):

    [ ] The application is incomplete because _____
    **You are encouraged to submit a complete application.**

    [ ] The applicant does not meet the financial criteria for deferral because _____

    _____

    **A deferral MUST BE granted if the applicant is receiving public assistance benefits from the Temporary Assistance to Needy Families (TANF) program or Food Stamps; has an income that is insufficient or barely sufficient to meet the daily essentials of life and that includes no allotment that could be budgeted to pay the fees and costs necessary to gain access to the court; or, if the applicant demonstrates other good cause.**

[✓] **DEFERRAL IS GRANTED** for the following fees and costs in this court:

    [✓] Any or all filing fees; fees for the issuance of either a summons and subpoena; or fees for obtaining one certified copy of a temporary order in a domestic relations case or a final order, judgment or decree in all civil proceedings and the cost of attendance at an educational program required by A.R.S. §25-352.
    [✓] Fees for service of process by a sheriff, marshal, constable or law enforcement agency.
    [ ] Fees for service by publication.
    [ ] Filing fees and photocopy fees for the preparation of the record on appeal.
    [ ] Court reporter or transcriber fees if employed by the court for the preparation of the transcript.
    **IF A DEFERRAL IS GRANTED, PLEASE CHECK ONE OF THE FOLLOWING BOXES:**

    [✓]    **NO PAYMENTS WILL BE DUE UNTIL FURTHER NOTICE.**

Revised March 2018

JUN 2 4 2019

[ ] **SCHEDULE OF PAYMENTS.**
The applicant shall pay $_____ each _____ (week, month etc.), one half to the clerk's office and one half to the Sheriff's Department until paid in full, beginning _____

[✓] **WAIVER IS DENIED** for all fees and costs in this case.

[ ] **WAIVER IS GRANTED** for all fees and costs in this case that may be waived under A.R.S. § 12-302(H).

    [ ] Any or all filing fees; fees for the issuance of either a summons or subpoena; or fees for obtaining one certified copy of a temporary order in a domestic relations case or a final order, judgment or decree in all civil proceedings and the cost of attendance at an educational program required by A.R.S. §25-352.
    [ ] Fees for service of process by a sheriff, marshal, constable or law enforcement agency.
    [ ] Fees for service by publication.
    [ ] Filing fees and photocopy fees for the preparation of the record on appeal.
    [ ] Court reporter or transcriber fees if employed by the court for the preparation of the transcript.

**RIGHT TO JUDICIAL REVIEW.** If the application is denied or a payment schedule is set by a special commissioner, you may request the decision be reviewed by a judicial officer. The request must be made within twenty (20) days of the day the order was mailed or delivered to you. If a schedule of payments has been established, payments shall be suspended until a decision is made after judicial review. Judicial review shall be held as soon as reasonably possible.

**NOTICE REGARDING CONSENT JUDGMENT.** Unless any of the following applies, a consent judgment may be entered against the applicant for all fees and costs that are deferred and remain unpaid thirty (30) days after entry of final judgment:

    A.  Fees and costs are taxed to another party;
    B.  The applicant has an established schedule of payments in effect and is current with those payments;
    C.  The applicant filed a supplemental application for waiver or further deferral of fees and costs and a decision by the court is pending;
    D.  In response to a supplemental application, the court orders that the fees and costs be waived or further deferred; or
    E.  Within twenty (20) days of the date the court denies the supplemental application, the applicant either:
        1.  Pays the fees and costs; or,
        2.  Requests a hearing on the court's order denying further deferral or waiver. If the applicant requests a hearing, the court cannot enter the consent judgment unless a hearing is held, further deferral or waiver is denied, and payment has not been made within the time prescribed by the court.

If an appeal is taken, a consent judgment for deferred fees and costs that remain unpaid in the lower court shall not be entered until thirty (30) days after the appeals process is concluded. The procedures for notice of court fees and costs and for entry of a consent judgment continue to apply.

If a consent judgment is signed and the applicant pays the fees and costs in full, the court is required to comply with the provisions of A.R.S. § 33-964(C).

**DUTY TO REPORT CHANGE IN FINANCIAL CIRCUMSTANCES.** An applicant who is granted a deferral or waiver shall promptly notify the court of any change in financial circumstances during the pendency of the case that would affect the applicant's ability to pay court fees and costs. Any time the applicant appears before the court on this case, the court may inquire as to the applicant's financial circumstances.

**DATED:** _6/24/19_____       _____
                                          [✓] Judicial Officer    [ ] Special Commissioner

               Revised March 2018

NAME: Lola Wilkerson.
ADDRESS: 4608 E. Lester St
Tucson, AZ. 85712
TELEPHONE: (520) 365-7967
REPRESENTING: Lola Wilkerson

FILED
GARY L. HARRISON
CLERK SUPERIOR COURT
6·26-19
19 JUN 26 AM 11: 16

**JACQUELYN BURRELL**

BY _____

**ARIZONA SUPERIOR COURT, PIMA COUNTY**

Lola Wilkerson
Plaintiff,

v. Barbara Lawall,
Victoria O'Ho,
Chris mangus
Defendant.

# C20193114

CASE NO: _____

**RULE 102(a) FASTAR CERTIFICATE**

# D. Douglas Metcalf

The undersigned certifies that he or she knows the eligibility criteria set by FASTAR Rule

101(b) and certifies that this case:

**(NOTE – YOU MUST CHECK ONE OF THE BOXES BELOW OR THE CLERK WILL NOT ACCEPT THIS FORM.)**

☐ **DOES** meet the eligibility criteria established by Rule 101(b); or

☒ **DOES NOT** meet the eligibility criteria established by Rule 101(b).

Dated: 6/26/19

SIGNATURE

Page **19** of 21

**In the Superior Court of the State of Arizona**
**In and For the County of** _Pima_

Case Number __C20193114__

```
D. Douglas Metcalf

JUN 2 6 2019
6-26-19
```

**CIVIL COVER SHEET- NEW FILING ONLY**
(Please Type or Print)

Plaintiff's Attorney _Self - Lola Wilkerson_

Attorney Bar Number _____

Plaintiff's Name(s): (List all)
_Lola Wilkerson_

_____

_____

Plaintiff's Address:
_4608 E. Lister St._
_Tucson, Azo 85712_

(List additional plaintiffs onpage two and/or attach a separate sheet)

Defendant's Name(s): (List All) _Barbara Lawall, Cheis Mangus,_
_Victoria Otto._

(List additional defendants onpage two and/or attach a separate sheet)

### RULE 26.2 DISCOVERY TIER OR MONETARY RELIEF CLAIMED:

**IMPORTANT: Any case category that has an asterisk (\*) MUST have a dollar amount claimed or Tier selected.** State the monetary amount in controversy or place an "X" next to the discovery tier to which the pleadings allege the case would belong under Rule 26.2.

☐ Amount Claimed $_____     ☐ Tier 1     ☐ Tier 2     ☒ Tier 3

### NATURE OF ACTION

Place an "X" next to the **one** case category that most accurately describes your primary case Any case category that has an asterisk (\*) MUST have a dollar amount claimed or Tier selected as indicated above.

**TORT MOTOR VEHICLE:**
☐ Non-Death/Personal Injury*
☐ Property Damage*
☐ Wrongful Death*

☐ Malpractice – Other professional*
☐ Premises Liability*
☐ Slander/Libel/Defamation*
☐ Other (Specify) _____*

**TORT NON-MOTOR VEHICLE:**
☐ Negligence*
☐ Product Liability – Asbestos*
☐ Product Liability – Tobacco*
☐ Product Liability – Toxic/Other*
☐ Intentional Tort*
☐ Property Damage*
☐ Legal Malpractice*

**MEDICAL MALPRACTICE:**
☐ Physician M.D.*      ☐ Hospital*
☐ Physician D O.*      ☐ Other*

**CONTRACTS:**
☐ Account (Open or Stated)*
☐ Promissory Note*
☐ Foreclosure*

September 26, 2018                    Page 1                    AOCCV10F-010119

☐ Buyer-Plaintiff*
☐ Fraud*
☐ Other Contract (e.g., Breach of Contract)*
☐ Excess Proceeds – Sale*
☐ Construction Defects (Residential/Commercial)*
    ☐ Six to Nineteen Structures*
    ☐ Twenty or More Structures*
☐ Credit Card Debt (Maricopa County Filings Only)*

**OTHER CIVIL CASE TYPES:**
☐ Eminent Domain/Condemnation*
☐ Eviction Actions (Forcible and Special Detainers)*
☐ Change of Name
☐ Transcript of Judgment
☐ Foreign Judgment
☐ Quiet Title*
☐ Forfeiture*
☐ Election Challenge
☐ NCC – Employer Sanction Action (A.R.S. §23-212)
☐ Injunction against Workplace Harassment
☐ Injunction against Harassment
☐ Civil Penalty
☐ Water Rights (Not General Stream Adjudication)*
☐ Real Property*
☐ Special Action against Lower Courts
    (See lower court appeal cover sheet in Maricopa)
☐ Immigration Enforcement Challenge (A.R.S. §§1-501, 1-502, 11-1051)

**UNCLASSIFIED CIVIL:**
☐ Administrative Review
    (See lower court appeal cover sheet in Maricopa)
☐ Tax Appeal
(All other tax matters must be filed in the AZ Tax Court)
☐ Declaratory Judgment
☐ Habeas Corpus
☐ Landlord Tenant Dispute – Other*
☐ Declaration of Factual Innocence (A.R.S. §12-771)
☐ Declaration of Factual Improper Party Status
☐ Vulnerable Adult (A.R.S. §46-451)*
☐ Tribal Judgment
☐ Structured Settlement (A.R.S. §12-2901)
☐ Attorney Conservatorships (State Bar)
☐ Unauthorized Practice of Law (State Bar)
☐ Out-of-State Deposition for Foreign Jurisdiction
☐ Secure Attendance of Prisoner
☐ Assurance of Discontinuance
☐ In-State Deposition for Foreign Jurisdiction
☐ Eminent Domain – Light Rail Only*
☐ Interpleader – Automobile Only*
☐ Delayed Birth Certificate (A.R.S. §36-333.03)
☐ Employment Dispute – Discrimination*
☐ Employment Dispute – Other*
☐ Verified Rule 45.2 Petition
☒ Other (Specify)* *fraudulent use of governmental resources & violations of constitutional rights*

**EMERGENCY ORDER SOUGHT:**
☐ Temporary Restraining Order    ☐ Provisional Remedy    ☐ OSC    ☐ Election Challenge
☐ Employer Sanction    ☐ Other (Specify) _____

**COMMERCIAL COURT (Maricopa County Only)**
☐ This case is eligible for the commercial court under Rule 8.1, and plaintiff requests assignment of this case to the commercial court. More information on the commercial court, including the most recent forms, are available on the court's website at https://www.superiorcourt.maricopa.gov/commercialcourt/.

Additional Plaintiff(s)

_____

_____

Additional Defendant(s)

_____

_____

JACQUELYN BURRELI
GARY L. HARRISON
CLERK, SUPERIOR COURT
**6-26-19**

**ARIZONA SUPERIOR COURT, PIMA COUNTY**

19 JUN 26  AM 11: 13

Name of Person Filing Document: _Lola Wilkerson_
Your Address: _4608 E. Lester St_
Your City, State, and Zip Code: _Tucson, Az. 85712_
Your Telephone Number: _(520) 365-7967_
Attorney Bar Number (if applicable): ____
Attorney E-mail Address: ____
Representing ☒ Self (Without an Attorney) OR
☐ Attorney for ☐ Petitioner ☐ Respondent

BY _____ DEPUTY

**STATE OF ARIZONA** )
**COUNTY OF PIMA** ) ss.

_Lola Wilkerson_
**Name of Petitioner/Plaintiff**
_Barbara Lawall, Victoria Otto_

_Chris Mangus_
**Name of Respondent/Defendant**

**Case Number:** **C20193114**

**APPLICATION FOR DEFERRAL OR WAIVER
OF COURT FEES OR COSTS AND CONSENT
TO ENTRY OF JUDGMENT**

**Notice.** A Fee Deferral is only a temporary postponement of the payment of the fees due. You may be required to make payments depending on your income. A Fee Waiver is usually permanent unless your financial circumstances change during the pendency of this court action.

I am requesting a deferral or waiver of all fees including: filing a case, issuance of a summons or subpoena, one certified copy of a temporary order in a family law case, one certified copy of the court's final order, preparation of the record on appeal, court reporter's fees of reporters or transcribers, service of process costs, and/or service by publication costs. (I have completed the separate Affidavit in Support of Application for Deferral or Waiver of Service of Process Fees form if I am asking for service of process costs, or service by publication costs), and the costs of attendance at an educational program required by A.R.S. §25-352. I understand that if I request deferral or waiver because I am a participant in a government assistance program, I am required to provide proof at the time of filing. The document(s) submitted must show my name as the recipient of the benefit and the name of the agency awarding the benefit. **Note. All other applicants must complete the financial questionnaire beginning at section 3. If you are a participant in one of the programs in section 1 or 2 (below), you do not need to complete the financial questionnaire, and can proceed to the signature page.**

1. [ ] **DEFERRAL:** I receive government assistance from the state or federal program marked below or am represented by a not for profit legal aid program:
    - [ ] Temporary Assistance to Needy Families (TANF)
    - [ ] Food Stamps
    - [ ] Legal Aid Services

2. [ ] **WAIVER:** I receive government assistance from the federal program marked below or am represented by a not for profit legal aid program.
    - [ ] Assistance from the federal Supplemental Security Income (SSI) program
    - [ ] Legal Aid Services

1     Revised March 2018

3. **FINANCIAL QUESTIONNAIRE**

**SUPPORT RESPONSIBILITIES.** List all persons you support (including those you pay child support and/or spousal maintenance/support for)

| NAME | RELATIONSHIP |
|------|--------------|
| Lola Wilkerson | Self |
| | |
| | |

## STATEMENT OF INCOME AND EXPENSES

Employer name _____

Employer phone number. _____

[X] I am unemployed (explain). I have been unable to work since 8/23/18, due to mental health issues

My prior year's gross income: $ 1,000

## MONTHLY INCOME

My total monthly gross income. $ 0

My spouse's monthly gross income (if available to me): $ 0

Other current monthly income, including spousal maintenance/support, retirement, rental, interest, pensions, and lottery winnings. $ 0

**TOTAL MONTHLY INCOME** $ 0

## MONTHLY EXPENSES AND DEBTS: My monthly expenses and debts are

| | PAYMENT AMOUNT | LOAN BALANCE |
|---|---|---|
| Rent/Mortgage payment | $ 350.00 | $ |
| Car payment | $ | $ |
| Credit card payments | $ | $ |
| Explain Other payments & debts | $ | $ |
| Household | $ 300.00 | |
| Utilities/Telephone/Cable | $ 150.00 | |
| Medical/Dental/Drugs | $ | |
| Health insurance | $ | |
| Nursing care | $ | |
| Tuition | $ | |
| Child support | $ | |
| Child care | $ | |
| Spousal maintenance | $ | |
| Car insurance | $ | |
| Transportation | $ | |
| Other expenses (explain) | $ | |

**TOTAL MONTHLY EXPENSES** $ 750.00

**STATEMENT OF ASSETS:** List only those assets available to you and accessible without financial penalty

| | ESTIMATED VALUE |
|---|---|
| Cash and bank accounts | $ 0 |
| Credit union accounts | $ 0 |
| Other liquid assets | $ 0 |

**TOTAL ASSETS** $ 0

2

Revised March 2018

**The basis for the request is:**

4.  [ ] DEFERRAL:

   A.  [ ] My income is insufficient or is barely sufficient to meet the daily essentials of life, and includes no allotment that could be budgeted for the fees and costs that are required to gain access to the court. My gross income as computed on a monthly basis is 150% or less of the current federal poverty level. (Note: Gross monthly income includes your share of community property income if available to you.)

OR

   B.  [ ] I do not have the money to pay court filing fees and/or costs now. I can pay the filing fees and/or costs at a later date. **Explain.**

   _____

   _____

OR

   C.  [ ] My income is greater than 150% of the poverty level, but have proof of extraordinary expenses (including medical expenses and costs of care for elderly or disabled family members) or other expenses that reduce my gross monthly income to 150% or below the poverty level.

| DESCRIPTION OF EXPENSES | AMOUNT |
|---|---|
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |
| **TOTAL EXTRAORDINARY EXPENSES** | $_____ |

5.  [X] WAIVER:

   I am permanently unable to pay. My income and liquid assets are insufficient or barely sufficient to meet the daily essentials of life and are unlikely to change in the foreseeable future.

---

**IMPORTANT**

This *"Application for Deferral or Waiver of Court Fees or Costs"* includes a *"Consent to Entry of Judgment."* By signing this Consent, you agree a judgment may be entered against you for all fees and costs that are deferred but remain unpaid thirty (30) calendar days after entry of final judgment. At the conclusion of the case you will receive a *Notice of Court Fees and Costs Due* indicating how much is owed and what steps you must take to avoid a judgment against you if you are still participating in a qualifying program. You may be ordered to repay any amounts that were waived if the court finds you were not eligible for the fee deferral or waiver. If your case is dismissed for any reason, the fees and costs are still due.

---

**CONSENT TO ENTRY OF JUDGMENT.** By signing this Application, I agree that a judgment may be entered against me for all fees or costs that are deferred but remain unpaid thirty (30) calendar days after entry of final judgment.

OATH OR AFFIRMATION

I declare under penalty of perjury that the foregoing is true and correct.

| JUN 1 9 2019 | *Lola Wilkerson* (Signature) |
|---|---|
| Date | Signature |
| | Lola Wilkerson |
| JUN 1 9 2019 | Applicant's Printed Name |
| Date | Judicial Officer, Deputy Clerk or Notary Public GARY L. HARRISON |
| _____ | BRIDGET MANNS |
| My Commission Expires/Seal: | |

3

Revised March 2018




**Pima County Clerk of Superior Court**
**Tucson, Arizona**

|  |  |
|---|---|
| Receipt Number: | 3117614 |

| | | | |
|---|---|---|---|
| Received for: | LOLA WILKERSON | Date: | 6/26/2019 |
| Received from: | LOLA WILKERSON | Case Number: | C20193114 |
| Amount Received: | $0.00 | Clerk Number: | 100.527 |

Caption:             LOLA WILKERSON VS. BARBARA LAWALL ET AL.

Cash: $0.00           Check:  $0.00           Charge: $0.00           ACH: $0.00

*Begin Financial Docket*
_____

Application for Deferral/Waiver                    $30.00     DEFERRED

Civil Complaint                                    $258.00    DEFERRED

*End Financial Docke*
_____

Change Returned:  $0.00

Amount Refunded:  $0.00

FILED
Gary Harrison
CLERK, SUPERIOR COURT
7/2/2019 11:33:57 AM
BY: E-CLERK
DEPUTY

Case No. C20193114
HON. D. DOUGLAS METCALF

1

**BARBARA LAWALL**
**PIMA COUNTY ATTORNEY**
2 **CIVIL DIVISION**
Laura Roubicek, SBN 022671
3 Deputy County Attorney
32 North Stone Avenue, Suite 2100
4 Tucson, Arizona  85701
Telephone: 520-724-5700
5 Laura.Roubicek@pcao.pima.gov
*Attorney for Defendants Barbara LaWall and Victoria Otto*
6

7

8 **ARIZONA SUPERIOR COURT**

**PIMA COUNTY**
9

10
Lola Wilkerson,                          No. C20193114
11
                Plaintiff,
12                                          **MOTION FOR MORE DEFINITE**
vs.                                      **STATEMENT UNDER RULE 12(e)**
13                                          **and MOTION TO EXTEND**
                                         **DEADLINE FOR ANSWER**
14 Barbara LaWall, et al,
                                         (The Honorable D. Douglas Metcalf)
15                Defendants.

16

17          Defendants Barbara LaWall and Victoria Otto (the PCAO Defendants) request that

18 this Court order Plaintiff, Lola Wilkerson, to provide a more definitive statement of the

19 claims alleged, as well as the specific facts giving rise to them as required by Ariz. R.

20 Civ. Proc., Rules 8 and 12. While the PCAO Defendants are generally aware of the

21 circumstances referenced by Plaintiff in her Complaint, as currently drafted, the PCAO

22 Defendants are unable to meaningfully respond to the Complaint. Given that Plaintiff

23 levies the serious accusation that her constitutional rights were violated, the PCAO

24 Defendants should be fully advised of what specific acts, omissions, policies, and/or laws

25 are at issue in order to provide an appropriate response.

26

BARBARA LAWALL
PIMA COUNTY ATTORNEY
CIVIL DIVISION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

The PCAO Defendants also request that the deadline for any Answer or other response be extended to 20 days after Plaintiff provides a more definite statement of her allegations.  Finally, in the event Plaintiff fails to provide the details requested herein, the PCAO Defendants request that her Complaint be dismissed against them for failure to comply with the applicable rules.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   STATEMENT OF RELEVANT FACTS[1]

On October 10, 2019, the Pima County Attorney's Office screened Tucson Police Department case number 1809070332 for prosecution. Plaintiff Lola Wilkerson was listed as the alleged victim in that case.  The matter was declined for prosecution.[2]

On June 26, 2019, Plaintiff filed a Civil Complaint naming Pima County Attorney Barbara LaWall and Deputy Pima County Attorney Victoria Otto, as well as Chris Magnus[3] as defendants. Plaintiff captioned the Complaint, "fraudulent use of government resources and violation of constitutional rights."

Under the section titled "Statement of Facts and Breach," Plaintiff wrote:

5.     Barbara LaWall and Victoria Otto as prosecutors for Pima County applied statute 13-107, as applied in 1993 to case #: 1809070332 on Oct. 10th 2018, the statute cannot be substanciated [sic] by the state

---

[1] The facts provided are those gleaned from Plaintiff's Complaint combined with the PCAO Defendants' general awareness of the incident Plaintiff appears to reference.  Any incorrect assumptions underlying this Statement of Facts will be corrected upon receipt of a more definitive statement of the facts and allegations giving rise to Plaintiff's claim(s).

[2] It appears that Plaintiff's reference to statute 13-107 is A.R.S. § 13-107, which governs the statute of limitations for criminal offenses.

[3] Plaintiff actually lists Chris Magnus as the third Defendant, however, it is believed from context that she intends this to be Tucson Police Department Chief Chris Magnus.

according to Professional Standards Complaint # 17-0203 on May 13[4], 2019;

6.     The fraudulent use of power or authority that violates the 14th Amendment, "nor deny equal protection under the law," section 1;

7.     Barbara LaWall, Victoria Otto, Chris Magnus violated Lola Wilkerson's 14th Amendment Right section 1 (Rev. 1992).

Under the heading "Applicable Law Supporting Claims," Plaintiff wrote:

(1)     By the state applying 13-107, they legally obligated to substanciate [sic] statute and are not able to do so.

(2)     Violations of 14th amendment, section 1 Rev. 1992.

Plaintiff then listed several alleged injuries, most of which were mental and emotional, as well as homelessness and the inability to work. While Plaintiff did not include a specific dollar amount in her Complaint, she did request the costs of treatment and legal fees, and asked that "the statute of limitations be removed, tort law applied to reflect the fact that I only found out it was a crime in 2018." Because it is unclear exactly what claims Plaintiff is making against the PCAO Defendants or what facts allegedly support those claims, the PCAO Defendants cannot fully defend this action without clarification of Plaintiff's Complaint.

## II.   LEGAL ARGUMENT

In addition to a short jurisdictional statement, Ariz. R. Civ. Proc., Rule 8(a) requires that claims for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). "Each allegation of a pleading must be simple, concise, and direct. No technical form is required." Rule 8(e)(1). "The purpose of [Rule 8] is to avoid technicalities and give the opponent fair

---

[4] The second digit of the date has been written over and it is unclear what date is listed.

BARBARA LAWALL
PIMA COUNTY ATTORNEY
CIVIL DIVISION

1  notice of the nature and basis of the claim and indicate generally the type of litigation

2  involved." *Mackey v. Spangler*, 81 Ariz. 113, 115 (1956).

3       When a pleading is insufficient, depending on the nature of the defect, a party may

4  either file a motion to dismiss for failure to state a claim under Rule 12(b)(6), or a motion

5  for more definitive statement under Rule 12(e).  "Motions to dismiss for failure to state a

6  claim are not favored and should not be granted unless it appears that the plaintiff should

7  be denied relief as a matter of law given the facts alleged."  *Logan v. Forever Living*

8  *Prod. Int'l, Inc.*, 203 Ariz. 191, 193 (2002). By contrast, Rule 12(e) should be employed

9  when the party accused does not fully understand the nature or substance of the claims

10  against it.  *See Markel v. Transamerica Title Ins. Co.*, 103 Ariz. 353, 357 (1968),

11  overruled on other grounds by *Burch & Cracchiolo, P.A., v. Pugliani*, 144 Ariz. 281

12  (1985)("If defendants had any doubts of what was meant by the allegations of the second

13  amended complaint, they could have moved for a more specific statement"); *see also*

14  *Jones v. Stanley*, 27 Ariz. 381, 384 (1925)(even before adoption of the Rules of Civil

15  Procedure, any uncertainty about a claim should be raised by "motion to make more

16  definite and certain").

17       In this case, Plaintiff has alleged that the PCAO Defendants violated her rights

18  under the 14th Amendment and have engaged in fraudulent use of government resources.

19  Arizona does not recognize a tort action for fraudulent use of government resources and

20  Plaintiff does not provide any further details to support her claim.  As such, it is unclear if

21  Plaintiff is accusing the PCAO Defendants of the more general tort of fraud or something

22  else entirely.

23       Similarly, while Defendant makes reference to section 1 of the 14th Amendment

24  and uses the phrase "equal protection" under the heading "Statement of Facts and

25  Breach," she provides no details to explain how the PCAO Defendants violated her equal

26  protection rights.  Further, given her general reference to "violations of the 14th

Barbara LaWall
Pima County Attorney
Civil Division

BARBARA LAWALL
PIMA COUNTY ATTORNEY
CIVIL DIVISION

Amendment, section 1" under the heading "Applicable Law Supporting Claims," it is unclear if she means to incorporate her equal protection claim as stated earlier in the Complaint or if she intends to levy a broader claim.

Finally, Plaintiff makes repeated reference to the requirement that the PCAO Defendants were required to "substanciate" statute 13-107 before applying it.  The PCAO Defendants do not understand what Plaintiff means when she claims that a prosecutor must substantiate a statute.  The PCAO Defendants are also unclear as to what document or policy "Professional Standards Complaint # 17 -0203" refers to, leaving them unable to respond to any allegations connected to it.

In compliance with Rule 12(e)'s mandate that a motion for more definitive statement must "point out the defect complained of and the details desired," the PCAO Defendants request the Plaintiff be ordered to provide the following information:

1.  The specific act(s) or omission(s) allegedly committed by Defendant Victoria Otto on October 10, 2018;

2.  The specific act(s) or omission(s) allegedly committed by Defendant Barbara LaWall on October 10, 2018;

3.  Any alleged violations of Arizona state tort law, including:

    a.  What is intended by use of the phrase "fraudulent use of government resources";

    b.  What is intended by reference to the requirement that the State must "substantiate" a statute; and,

    c.  What is Professional Standards Complaint # 17- 0203;

4.  How the actions or omissions of Defendant Victoria Otto gave rise to any alleged violations of Arizona state tort law;

5.  How the actions or omissions of Defendants Barbara LaWall gave rise to any alleged violations of Arizona state tort law;

6. Any alleged violations of Federal or Constitutional law, including specific references to which clause of the 14th Amendment is alleged to have been violated;

7. How the actions or omissions of Defendant Victoria Otto gave rise to any alleged violations of federal or Constitutional law; and,

8. How the actions or omissions of Defendants Barbara LaWall gave rise to any alleged violations of federal or Constitutional law.

Without this additional information, the PCAO Defendants cannot fully respond to Plaintiff's allegations, nor can they properly evaluate what defenses and immunities may apply. Consequently, the PCAO Defendants are severely prejudiced in their ability to defend this action as it currently stands and the Court should order Plaintiff to provide the requested information before an Answer or other response is required.

## III.   CONCLUSION

The PCAO Defendants ask this Court to order Plaintiff to supplement her Complaint and provide the details requested above. The PCAO Defendants also ask that their deadline for filing an Answer or other responsive motion(s) be extended to 20 days after the receipt of a legally sufficient complaint. Should Plaintiff fail to provide a sufficient complaint within 10 days after the Court so orders, then the PCAO Defendants request that Plaintiff's Complaint be ordered stricken in accordance with Rule 12(e).

RESPECTFULLY SUBMITTED July 2, 2019.

BARBARA LAWALL
PIMA COUNTY ATTORNEY

By */s/ Laura Roubicek*
Laura Roubicek
Deputy County Attorney

BARBARA LaWALL.<br>PIMA COUNTY ATTORNEY<br>CIVIL DIVISION

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**CERTIFICATE OF SERVICE**

I hereby certify that on July 2, 2019, I electronically transmitted the attached document to the Clerk's Office using the TurboCourt System for filing and electronic service to the following TurboCourt registrants:

Additionally, a copy of the foregoing has been mailed on July 2, 2019, to:

Lola Wilkerson
4608 E. Lester St.
Tucson, AZ 85712
*Pro Se Plaintiff*

By:  */s/ Bianca Paravano*

# Pima County Sheriff's Department
## Civil Enforcement Unit

FILED
GARY L. HARRISON

Page: 1

19 JUL -3 PM 4: 20

AFFIDAVIT AND RETURN

STATE OF ARIZONA        ]          Court Number: C20193114
COUNTY OF PIMA          ]          Process Number: 19-002087
OFFICE OF THE SHERIFF   ]

I do hereby certify that I received the within and foregoing Summons &
Complaint on June 26 2019 and that I served the Defendant, VICTORIA ANNE OTTO
by delivering copies of the aforementioned documents to the person(s) named
therein as follows:

        Served to: ANDREW FLAGG (OTHER)
        Service Time/Date: 14:48:00 06/26/19
        Served At: 30 block of N Stone Ave Tucson, AZ  85701

        Comments:

I FURTHER CERTIFY THAT I SERVED ANDREW FLAGG AS THE AUTHORIZED AGENT
OF THE PIMA COUNTY ATTORNEYS OFFICE WITH A CIVIL SUMMONS, A CIVIL
COMPLAINT (FRAUDULENT USE OF GOVERNMENT RESOURCES AND VIOLATION OF
CONSTITUTIONAL RIGHTS), A RULE 102(a) FASTAR CERTIFICATE AND A CIVIL
COVER SHEET-NEW FILING ONLY.

        Returned on June 27 2019

        Mark D. Napier
        Sheriff of Pima County            R. NECOECHEA #1290; DEPUTY

        BY: R Necomm  1290

Subscribed and sworn before me this 2nd day of July , 2019.

Steve R. Stut                           april 9, 2022
Notary Public                           My Commission Expires



OFFICIAL SEAL
STEVE R. STREET
Notary Public - State of Arizona
PIMA COUNTY
My Comm. Expires April 9, 2022

Keeping the Peace and
Serving the Community
Since 1865

32 N. Stone Ave., 16th Floor Tucson, AZ. 85701-1409
Phone 520-351-6000 Facsimile 520-351-4333
www.pimasheriff.org

ARIZONA SUPERIOR COURT, PIMA COUNTY

Plaintiff, *Lola Wilkerson*

Defendant *Barbara LaWall, Victoria Otto, Chris Manguso*

NO. C20193114

CIVIL SUMMONS

THE STATE OF ARIZONA to the above-named Defendant

## D. Douglas Metcalf

I.    A lawsuit has been filed against you.

II.   If you do not want a Judgment by default taken against you for the relief demanded in the accompanying Complaint, you must appear and defend by filing an Answer in writing in the Office of the Clerk of the Superior Court, 110 W. Congress, Tucson, Arizona, accompanied by the necessary filing fee. A copy of the Answer must also be mailed to the plaintiff/attorney whose name appears below.

III.  The Answer must be filed within TWENTY DAYS after service upon you, exclusive of the date of service, if served within the State of Arizona, or within THIRTY DAYS after service upon you, exclusive of the date of service, if served outside the State of Arizona.

IV.   This is a legal document. If you do not understand its consequences, you should seek the advice of an attorney.

WITNESS My Hand and the Seal of the Superior Court.



DATED:

CLERK OF THE SUPERIOR COURT
SEAL
By_____ GARY L. HARRISON
JACQUELYN BURRELL, Deputy Clerk

ATTORNEY'S NAME, ADDRESS, PHONE

COMPUTER NO. _____

REQUEST FOR REASONABLE ACCOMMODATION FOR PERSONS WITH DISABILITIES MUST BE MADE TO THE COURT BY PARTIES AT LEAST THREE (3) WORKING DAYS IN ADVANCE OF A SCHEDULED COURT PROCEEDING

# Pima County Sheriff's Department
## Civil Enforcement Unit

FILED
HARRISON

19 JUL -3 PM 4: 20

Page: 1

AFFIDAVIT AND RETURN

STATE OF ARIZONA          ]          Court Number: C20193114
COUNTY OF PIMA           ]          Process Number: 19-002088
OFFICE OF THE SHERIFF    ]

I do hereby certify that I received the within and foregoing Summons &
Complaint on June 26 2019 and that I served the Defendant, BARBARA ELLEN LAWALL
by delivering copies of the aforementioned documents to the person(s) named
therein as follows:

        Served to: ANDREW FLAGG (OTHER)
        Service Time/Date: 14:48:00 06/26/19
        Served At: 30 Block of N Stone Ave Tucson, AZ  85701

        Comments:

I FURTHER CERTIFY THAT I SERVED ANDREW FLAGG AS THE AUTHORIZED AGENT
OF THE PIMA COUNTY ATTORNEYS OFFICE WITH A CIVIL SUMMONS, A CIVIL
COMPLAINT (FRAUDULENT USE OF GOVERNMENT RESOURCES AND VIOLATION OF
CONSTITUTIONAL RIGHTS), A RULE 102(a) FASTAR CERTIFICATE AND A CIVIL
COVER SHEET-NEW FILING ONLY.

        Returned on June 27 2019

        Mark D. Napier
        Sheriff of Pima County

        BY: _____ 1290          R. NECOECHEA #1290; DEPUTY

Subscribed and sworn before me this 2ᴺᴰ day of July , 2019.

_____                    April 9, 2022
Notary Public                            My Commission Expires

OFFICIAL SEAL
STEVE R. STREET
Notary Public - State of Arizona
PIMA COUNTY
My Comm. Expires April 9, 2022

Keeping the Peace and
Serving the Community
Since 1865

32 N. Stone Ave., 16th Floor Tucson, AZ. 85701-1409
Phone 520-351-6000 Facsimile 520-351-4333
www.pimasheriff.org

## ARIZONA SUPERIOR COURT, PIMA COUNTY

Plaintiff, *Lola Wilkerson*

Defendant. *Barbara LAWall,
Victoria Otto.
Chris Mangus*

NO. **C20193114**

CIVIL SUMMONS

THE STATE OF ARIZONA to the above-named Defendant

I.   A lawsuit has been filed against you.

II.  If you do not want a Judgment by default taken against you for the relief demanded in the accompanying Complaint, you must appear and defend by filing an Answer in writing in the Office of the Clerk of the Superior Court, 110 W. Congress, Tucson, Arizona, accompanied by the necessary filing fee. A copy of the Answer must also be mailed to the plaintiff/attorney whose name appears below.

III. The Answer must be filed within TWENTY DAYS after service upon you, exclusive of the date of service, if served within the State of Arizona, or within THIRTY DAYS after service upon you, exclusive of the date of service, if served outside the State of Arizona.

IV.  This is a legal document. If you do not understand its consequences, you should seek the advice of an attorney.

WITNESS My Hand and the Seal of the Superior Court.

DATED: **JUN 2 6 2019**

CLERK OF THE SUPERIOR COURT

By _____ **GARY L. HARRISON**
Deputy Clerk
**JACQUELYN BURRELL**

ATTORNEY'S NAME, ADDRESS, PHONE

COMPUTER NO. _____
REQUEST FOR REASONABLE ACCOMMODATION FOR PERSONS WITH DISABILITIES MUST BE MADE TO THE COURT BY PARTIES AT LEAST THREE (3) WORKING DAYS IN ADVANCE OF A SCHEDULED COURT PROCEEDING

1 | Name of Person Filing Lola Wilkerson
. | Mailing Address 4608 E. Foster St
2 | City, State, Zip Code Tucson AZ 85712
. | Daytime Telephone Number (520) 365-7967
3 | Representing Self Lola Wilkerson

FILED
7-9-19
19 JUL -9 AM 11: 14

BY MELISSA HEILMAN

ARIZONA SUPERIOR COURT, PIMA COUNTY

Plaintiff,
Lola Wilkerson

vs. Barbara LaWall et. al.,
Victoria Otto, Chris Mangus
et. al.

Defendant

Case No. C 20193114

Assigned to the Hon. D. Douglas Metcalf

BEST CC. .

Plaintiff's response to defendants request of
a more definitive statement of breach, the
explanation of the tiems substanciate and
fraudulant use of gouernmental resouces, as to what
Professional Standard report, formeely labeled 17-023,
and amended to 19-0203, due to clerical error
in Professional Standards Llepartment, and as to
Clarity or why each defendant is named both
independently and collectively, and how each
Comitted, omitted through activity or inactivity the
fraudulant use of gouernmental resouces, and
violated plantiffs 14th amendment Rights.

1.) Barbara LaWall et. al is named as defendant
because she is the elected Pima County
Attoeney, and as such she is completely

BEST COPY

office's responsible for all employees of the prosecutors Conduct, misconduct and is to ensure that legal standards are not violated. As well as to seek Justice and to protect the community of Pima County. Barbara LaWall is also responsible to oversee any instances of law enforcement misconduct as it pertains to cases brought forward and seeking prosecution within Pima County.

2.) The plaintiff, Lola Wilkerson has named Chris Margus as a defendant, because as Chief of Police for the city of Tucson he has a responsibility to the citizens of Tucson, as do all his law enforcement officers, to protect and serve the community, as well as to ensure that his officers do not engage in misconduct, or biased actions to Tucsons citizens and if such a breach occurs it is his ultimate responsibility to seek answers and rectify any damages he can.

3.) The plaintiff, Lola Wilkerson, named Victoria Otto as a defendant because she was the prosecutor that authorized the investigation, being fully aware of the year the crime was committed, and it was she who contacted me on October 10th, 2018 and informed me that she was applying statute 13-107(b), as it was applied in 1993, to my case # 1809070332, this conversation was witnessed by Dallas Wilson Special Investigator, Colleen Phelan, victim advocate who were in her office during this call, and as I was on speakerphone this call was also witnessed by Travis Poggi, my partner.

BEST COPY

Statute 13-107(b), as applied in 1993:

Except as otherwise provided in this section prosecutions for other offenses must be commenced within the following periods after actual discovery by the state or the political Subdivision having jurisdiction of the offense or discovery by the state or such political subdivision which should have occured with the exersise of reasonable diligence, which ever first occured:

1.) For class 2 through class 6 felony, is seven years
2) For misdemeanor is 1 year
3.) For petty offense, is 6 months

The intial officer in 1993 did not even question the plaintiff's assailant. The officers violated and tramatized the plaintiff and there is absolutely no evidence that he even filed any paperwork or report of plaintiff's rape.

However Statute 13-107(c), as applied in 1993:
For the purpose of section B, a prosecution is commenced when an indictment, information or complaint is filed.

Not only is there no documentation of this case in 1993, but there is no documentation of it being destroyed, nor did the plaintive, Lola Wilkerson ever recieve notification of the report being destroyed.

Yet Victoria Otto stated repeatedly that she was "taking my word for it" yet the law clearly

PG.3

demands filed documentation and Pima
County Attorney Victoria Otto fraudulently
applied statute 13-107(b)(2), as applied in 1993,
not based on the merits of plaintiffs case,
but to obtain a civil waiver in order to
aviod a bona fide claim of improper law
enforcements actions. As Victoria works for
Pima County Attorney's office of whom Barbara
LaWall et.al. is the elected official, both
defendants have used the resource of their
governmental employment fraudulantly.

4.) Victoria Otto acknowledged on Oct. 10th, 2018
that the assailant broke the law, and that
the police officer broke the law, and that
the plaintiff, Lola Wilkerson, followed the
law and still was being denied justice, and
protection of the law, she acknowledged this
with Dallas Wilson, Colleen Phelan, and Travis
Poogi present beyond ourselves. It has been
9 months since this conversation, and still
I have not recieved the written dismissal
with the reasons why, nor have I recieved any
documentation the law enforcement misconduct
has been reported to her superiors, or that
they are looking into this.

5.) On October 25, 2018 Deputy Chief of
Pima County Attorney's office Thomas
Weaver, responded to press inquiry into
my case, wrong information was provided
to the press, by someone not involved with
plaintiffs case, whom hadn't ever spoken to

PG 4

## BEST COPY

plaintiff, Lola Wilkerson, until after giving
the press misinformation, causing the news
story given to the public to be inaccurate
and caused prejudicial understandings of plaintiff's
case, in order to aviod public knowledge of
Tucson Police departments misconduct against
the plaintiff. This is another example of
fraudulant use of gouvernmental resourcesfrom
Pima County Attorney's office in the
plaintiff's criminal case.

6) By Pima County Attorney Victoria otto
applying statute, 13-107(b)(c) fraudulantly,
the Pima County Attorney's office has
violated plaintiffs 14th amendment. By
not going byore a judge for tort review
in light of the aforementioned police
misconduct, Victoria Otto did not fulfill
her primary function as an Attorney for
Pima County, which is to seek justice and
protect the community from potential threat.

7) Victoria Otto was aware that the
plaintiff, Lola Wilkerson, and her
assailent were not aware of the crimes
committed against plaintiff until 2018, and
she disregarded the misconduct she
had already acknowledged in order to
protect another gouvernment agency instead of
the community she is supposed to seek
justice for this is fraudulant use of
position and violation of plaintiff's 14th
amendment.

8.) Dallas Wilson, Special Investigator, his supervisor, Kyle Robinson, and the superior Collin King, assistant chief of police Carla Johnson, Colleen Phelan, Travis Poggi, and the plaintiff, Lola Wilkerson all sat down to a meeting, where the plaintiff, Lola Wilkerson informed these Tucson Police Officers what a Tucson Police officer did to her between the last week of September and the first week of October in 1993 when she called for help after her then husband raped her in their apartment in front of her 11 month old infant.

Carla Johnson stated she was an sex crimes investigator during the time period, she stated sadly many woman had been treated as I had, she asked if plaintiff remembered the Tucson Police Officers name, plaintiff was able to give basic description of the officer but does not know his name. At the end of the meeting Carla Johnson apologised for what the Tucson Police officer did to plaintiff, also stated she believed plaintiff 100% that what plaintiff experinced at the treatment of that Tucson Police Officer, and did try to reassure plaintiff that sex crime victims are no longer abused by the Tucson Police Officers who respond to calls for help.

The plaintiff has never heard from anyone else from Tucson Police Department in regards to any investigation into misconduct, or

PG. 6

to notify the plaintiff that the information
has been reported to anyone of higher authority
for resolution or accountability.
Both Pima County Attorneys office and
Tucson Police Department recognise the
crime committed against plaintiff, apologize
while pointing out it wasn't them in 1993,
and then choose to suppress evidence of
wrong doing, and refuse to follow the protocols
for officer misconduct. Plaintiff just keeps
being told it was to long ago for them
to be accountable, purposely and deliberately
ignoring plaintiff did not know the officer
not only lied to her, but committed a
crime against her until 2018, and instead
of performing their duty to seek justice,
and to protect the victim of a crime they
choose to continue to be deceitful and
oppress the plaintiff in hopes that she
will become discouraged enough to not
pursue a civil suit on her own against
government angencies.
In part the evidence of this is the
lack of evidence the State should have,
and the evidence collected in 2018 by
dallas wilson, Special Investigator and
by Sargeant Peterson of Professional
Standards in 2019.
So the only documented evidence has
been available to both Pima County
Attorneys Office and Tucson Police
Department

for the last nine months, the plaintiff,
Lela Wilkerson does request that the
Judge deny the extended time for response
as a delay tatic that is unnecary and
unjust

Lela Wilkerson
4608 E Lester St
Tucson, Az. 85712
(520) 365-9967


Copies of this response will be hand
delivered by plaintiff to represtatives at
following addresses.

For Chris Margus et. al.
TO Rick Guerra (clerk) defendant
at: 200 BlK W. Alameda, Tucson, Az 85701
on July 9th 2019


FOR: Barbara LaWall et. al., and
Lictoeke Otto
TO: Andrew Flagg (other)
at: 30 block of W. Stone Ave, Tucson
Az. 85701
on July 9th 2019

Lela Wilkerson
7/9/2019

PG.8



# Pima County Sheriff's Department
## Civil Enforcement Unit

FILED
GARY L. HARRISON
CLERK

19 JUL -9 PM 1:25

Page: 1

AFFIDAVIT AND RETURN

BY _____ DEPUTY

STATE OF ARIZONA        ]        Court Number: C20193114
COUNTY OF PIMA          ]        Process Number: 19-002089
OFFICE OF THE SHERIFF   ]

I do hereby certify that I received the within and foregoing Summons &
Complaint on June 26 2019 and that I served the Defendant, CHRIS  MAGNUS by
delivering copies of the aforementioned documents to the person(s) named
therein as follows:

  Served to: Rick Guerra - clerk (DEFENDANT)
  Service Time/Date: 14:44:00 06/26/19
  Served At: 200 Blk W Alameda St Tucson, AZ  85701

  Comments:

I FURTHER CERTIFY THAT I HAVE SERVED RICK GUERRA (CLERK) A CIVIL
SUMMONS, A CIVIL COMPLAINT (FRAUDULENT USE OF GOVERNMENT RESOURCES
AND VIOLATION OF CONSTITUTIONAL RIGHTS), A RULE 102(a) FASTAR
CERTIFICATE AND A CIVIL COVER SHEET-NEW FILING ONLY.

  Returned on July 2 2019

  Mark D. Napier
  Sheriff of Pima County

  BY: _____        B. RUTLEDGE #8699; PROCESS SERVER

Subscribed and sworn before me this _3_ day of ___July___, 2017.

_____                    _____
Notary Public                                My Commission Expires



OFFICIAL SEAL
FREDDIE L. JONES
Notary Public - State of Arizona
PIMA COUNTY
My Comm. Expires May 13, 2022

Keeping the Peace and
Serving the Community
Since 1865

32 N. Stone Ave., 16th Floor Tucson, AZ. 85701-1409
Phone 520-351-6000 Facsimile 520-351-4333
www.pimasheriff.org

ARIZONA SUPERIOR COURT, PIMA COUNTY

Plaintiff, *Lola Wilkerson*

Defendant. *Barbara LaWall,*
*Victoria Otto,*
*Chris Manguis*

NO. C20193114

CIVIL SUMMONS

THE STATE OF ARIZONA to the above-named Defendant

# D. Douglas Metcalf

I.   A lawsuit has been filed against you.

II.  If you do not want a Judgment by default taken against you for the relief demanded in the accompanying Complaint, you must appear and defend by filing an Answer in writing in the Office of the Clerk of the Superior Court, 110 W. Congress, Tucson, Arizona, accompanied by the necessary filing fee. A copy of the Answer must also be mailed to the plaintiff/attorney whose name appears below.

III. The Answer must be filed within TWENTY DAYS after service upon you, exclusive of the date of service, if served within the State of Arizona, or within THIRTY DAYS after service upon you, exclusive of the date of service, if served outside the State of Arizona.

IV.  This is a legal document. If you do not understand its consequences, you should seek the advice of an attorney.

WITNESS My Hand and the Seal of the Superior Court.

DATED:

CLERK OF THE SUPERIOR COURT

GARY L. HARRISON

By_____

JACQUELYN BURRELL, Clerk

ATTORNEY'S NAME, ADDRESS, PHONE

COMPUTER NO. _____

REQUEST FOR REASONABLE ACCOMMODATION FOR PERSONS WITH DISABILITIES MUST BE
MADE TO THE COURT BY PARTIES AT LEAST THREE (3) WORKING DAYS IN ADVANCE OF A
SCHEDULED COURT PROCEEDING

FILED
Gary Harrison
CLERK, SUPERIOR COURT
7/12/2019 3:25:30 PM
BY: ALAN WALKER /S/
DEPUTY

1  **BARBARA LAWALL**
   **PIMA COUNTY ATTORNEY**
2  **CIVIL DIVISION**
   Laura L. Roubicek, SBN 022671
3  Deputy County Attorney
4  32 North Stone Avenue, Suite 2100
   Tucson, Arizona  85701
5  Telephone: 520-724-5700
   Laura.Roubicek@pcao.pima.gov
6  *Attorneys for Barbara LaWall and Victoria Otto*

Case No. C20193114
HON. D. DOUGLAS METCALF

7

8  **ARIZONA SUPERIOR COURT**

9  **PIMA COUNTY**

10

11  Lola Wilkerson,                          No. C20193114

12           Plaintiff,                       **AFFIDAVIT**

13  vs.                                       (The Honorable D. Douglas Metcalf)

14  Barbara LaWall et al.,

15           Defendants.

16

17  STATE OF ARIZONA            )
                                ) ss.
18  County of Pima              )

19

20  VICTORIA OTTO being duly sworn upon her oath deposes and says as follows:

21  1.  I am an attorney licensed to practice law in the State of Arizona.

22  2.  I have been employed with the Criminal Division of the Pima County

23      Attorney's Office as a Deputy County Attorney for almost fourteen years,

24      spanning from May of 2005 to November of 2016, and June of 2017 to the

25      present.

26

BARBARA LAWALL
PIMA COUNTY ATTORNEY
CIVIL DIVISION

1 of 3

BARBARA LAWALL
PIMA COUNTY ATTORNEY
CIVIL DIVISION

3. On October 10, 2018, I was working as an issuing attorney in the Special Victims Bureau of the Criminal Division.

4. In my role as a Deputy County Attorney in the Special Victim Bureau of the Criminal Division, I represented the State of Arizona in criminal proceedings.

5. My duties as an issuing attorney included meeting with law enforcement, reading police reports, and speaking to victims and witnesses in order to screen cases for prosecution.

6. As part of my job, I am required to be familiar with A.R.S. § 13-107, which governs the statute of limitations for criminal offenses, including sex crimes.

7. On October 10, 2018, Tucson Police Department Detective Dallas Wilson presented Tucson Police Department case number 1809070332 for screening.

8. The case involved the alleged sexual assault of Lola Wilkerson by her husband in 1993.

9. Per Ms. Wilkerson's statements to police, she had reported the assault to an officer with the Tucson Police Department in 1993.

10. In a conversation with Detective Wilson, relayed to me during the course of screening the case, Ms. Wilkerson reiterated that she had reported the alleged sexual assault to police in 1993.

11. In the presence of Detective Wilson and other witnesses, I placed a call to Ms. Wilkerson on October 10, 2018, to speak with her about the case.

12. During that call, Ms. Wilkerson confirmed that she had reported the sexual assault to law enforcement in 1993 and had spoken in person with a Tucson Police Department patrol officer. She could not recall the name of the officer but remembered speaking with him.

13. I advised Ms. Wilkerson that the applicable version of A.R.S. § 13-107 was the one in effect in 1993 and that the case would be barred from prosecution because the statute of limitations had run.

14. I formally declined the case for prosecution and the criminal case was closed within the Pima County Attorney's Office.

15. I undertook all of these actions within the course and scope of my job as an issuing attorney for the Special Victim Bureau of the Criminal Division of the Pima County Attorney's Office.



Victoria Otto

SUBSCRIBED AND SWORN TO before me on July 12, 2019, by VICTORIA OTTO.

_____
Notary Public

BIANCA PARAVANO
NOTARY PUBLIC - ARIZONA
PIMA COUNTY
COMMISSION # 550823
MY COMMISSION EXPIRES
AUGUST 01, 2022

BARBARA LaWALL
PIMA COUNTY ATTORNEY
CIVIL DIVISION

3 of 3



BIANCA PARAVANO
NOTARY PUBLIC - ARIZONA
PIMA COUNTY
COMMISS ON # 560523
MY COMMISSION EXPIRES
AUGUST 01 2022

FILED
Gary Harrison
CLERK, SUPERIOR COURT
7/12/2019 3:25:30 PM
BY: ALAN WALKER /S/
DEPUTY

Case No. C20193114
HON. D. DOUGLAS METCALF

1   **BARBARA LAWALL**
**PIMA COUNTY ATTORNEY**
2   **CIVIL DIVISION**
Laura Roubicek, SBN 022671
3   Deputy County Attorney
32 North Stone Avenue, Suite 2100
4   Tucson, Arizona 85701
Telephone: 520-724-5700
5   Laura.Roubicek@pcao.pima.gov
*Attorney for Defendants Victoria Otto and Barbara LaWall*
6

7

**ARIZONA SUPERIOR COURT**
8
**PIMA COUNTY**
9

Lola Wilkerson,                              No. C20193114
10
                    Plaintiff,           **MOTION TO DISMISS**
11
vs.                                          (The Honorable D. Douglas Metcalf)
12

13   Barbara LaWall, et al,

14                   Defendants.

15

16

17          Defendants Barbara LaWall and Victoira Otto ask this Court to dismiss this matter

18   pursuant to Rule 12(b)(6), Ariz. R. Civ. P. because Plaintiff has failed to state a claim

19   upon which relief can be granted as to either Defendant. All actions undertaken by

20   Defendant Otto, and attributed to Defendant LaWall by way of her position as Defendant

21   Otto's employer, were protected by prosecutorial immunity. This motion is supported by

22   the following Memorandum of Points and Authorities.

23               **MEMORANDUM OF POINTS AND AUTHORITIES**

24   **I.      STATEMENT OF RELEVANT FACTS**

25          On October 10, 2018, Victoria Otto, a Deputy County Attorney working for Pima

26   County Attorney Barbara LaWall in the Criminal Division of the Pima County Attorney's

BARBARA LAWALL
PIMA COUNTY ATTORNEY
CIVIL DIVISION

BARBARA LaWALL
PIMA COUNTY ATTORNEY
CIVIL DIVISION

Office, screened Tucson Police Department case number 1809070332 for prosecution. *Pl. Compl.2*[1] at p.2, ¶ 3; *Aff. of Victoria Otto* ("*Aff.*") at ¶¶ 2, 3, 7.  Plaintiff Lola Wilkerson was the victim of an alleged sexual assault in case number 1809070332. *Pl. Compl.1* at p.4, ¶1 and *Aff.* at ¶ 8.  It was determined that Plaintiff had initially reported the alleged sexual assault to the Tucson Police Department when it occurred in 1993.  *Pl. Compl.2* at p.3 and *Aff.* at ¶¶ 9, 10.  During the issuing appointment on October 10, 2018, Defendant Otto placed a call to Plaintiff and Plaintiff confirmed that she had spoken to an officer from the Tucson Police Department when the alleged sexual assault had occurred in 1993.  *Pl. Compl.2* at ¶ 3 and *Aff.* at ¶¶ 11, 12.  Defendant Otto explained that prosecution was barred because the statute of limitations in effect in 1993 only provided the State with a seven year window for filing charges and the case was closed.  *Pl. Compl.2* at ¶ 3 and *Aff.* at ¶¶ 13, 14.

On June 26, 2019, Plaintiff filed a Civil Complaint naming Pima County Attorney Barbara LaWall and Deputy Pima County Attorney Victoria Otto, as well as Tucson Police Department Chief Chris Magnus as defendants. Defendants LaWall and Otto filed a motion seeking clarification of the allegations in the Complaint, and on July 9, 2019, Plaintiff filed a response explaining the basis for her claims.[2]  Because all of the actions undertaken by Defendant Otto were within the course and scope of her role as a

---

[1] For clarity, Plaintiff's original Complaint, filed June 26, 2019, will be cited as "Plaintiff's Complaint 1" and the pleading filed on July 9, 2019, in response to Defendants' Motion for More Definite Statement under Rule 12(e) will be referred to as "Plaintiff's Complaint 2."

[2] Although Plaintiff's Response (Pl. Compl.2) clarified many factual issues, it still fails to articulate the specific legal grounds giving rise to her claims and instead makes general reference to the 14th Amendment and again states that Defendants LaWall and Otto have "used the resource [sic] of their government employment fraudulently."  *Pl. Compl.2* at p.3-4, § 3.  Given Plaintiff's failure to clarify this issue, Defendants LaWall and Otto file this Motion on the assumption that Plaintiff's claims arise under 42 U.S.C. § 1983 and an assertion that Arizona should recognize a tort action for the fraudulent use of government resources.

prosecutor, she and Defendant LaWall are entitled to absolute immunity and the allegations against them should be dismissed with prejudice.

**II.   LEGAL ARGUMENT**

**A. Defendant Otto has absolute immunity for her actions in this case, so Plaintiff cannot state a claim upon which relief can be granted and the matter should be dismissed with prejudice as to Defendant Otto.**

It is well settled that prosecutors have absolute immunity for the exercise of prosecutorial functions intimately associated with the judicial phase of the criminal process, including the initiation of criminal charges and proceedings. *See Imbler v. Pachtman*, 424 U.S. 409, 427 (1976); *Kalina v. Fletche*r, 522 U.S. 118, 128–129 (1997) (prosecutors have absolute immunity for preparing and filing charging documents); *Burns v. Reed*, 500 U.S. 478, 490 n.6 (1991) (prosecutors have absolute immunity from liability "under § 1983 for their conduct before grand juries."). This immunity extends to when prosecutors "evaluat[e] . . . evidence assembled by the police," *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993), and decide whether or not to seek charges. *Roe v. City and Cty. of San Francisco*, 109 F.3d 578, 583 (9th Cir. 1997). In fact, as recognized by the United States Supreme Court, "[t]he function of a prosecutor that most often invites a common-law tort action is his decision to initiate a prosecution, as this may lead to a suit for malicious prosecution if the State's case misfires." *Imbler,* 424 U.S. at 421. The importance of prosecutorial immunity is so great that "[p]rosecutors are absolutely immune from liability for the consequences of their advocacy" even in situations where their actions are "inept or malicious." *Lacey v. Maricopa Cty.*, 693 F.3d 896, 913 (9th Cir. 2012).

Following similar reasoning, Arizona courts also recognize a common-law absolute immunity for prosecutorial functions. As the Arizona Court of Appeals explained in *State v. Superior Court*, 186 Ariz. 294, 297 (App. 1996):

Prosecutors are generally immune from civil liability for actions taken in their official capacities. This immunity is absolute when the prosecutor acts within the scope of his or her authority and in a quasi-judicial capacity. The prosecutor's "scope of authority" includes those activities with some connection to the general matters committed to the prosecutor's control or supervision. "Quasi-judicial" activities are those that are intimately associated with the judicial process. But a prosecutor's conduct while acting as an administrator or investigative officer is not "quasi-judicial" and, therefore, does not enjoy absolute immunity. Accordingly, a court must apply a "functional analysis" to determine whether absolute immunity exists: it must examine the nature of the prosecutor's activities. Furthermore, an examining court must disregard the intent, motive, or state of mind that the prosecutor had when performing the activity in question.

(Internal citations omitted).

The decision whether or not to initiate a criminal prosecution is a quasi-judicial activity for which prosecutors are absolutely immune. *See Challenge, Inc. v. State ex rel. Corbin*, 138 Ariz. 200, 204 (App. 1983). "Absolute immunity also protects those functions in which the prosecutor acts as an 'advocate for the State,' even if they 'involve actions preliminary to the initiation of a prosecution and actions apart from the courtroom.'" *Lacey*, 693 F.3d at 912 (9th Cir. 2012) (quoting *Burns*, 500 U.S. at 468).

Looking to Plaintiff's Complaint(s) and assuming the allegations contained therein to be true (see *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419, ¶ 7 (2008)("[w]hen adjudicating a Rule 12(b)(6) motion to dismiss, Arizona courts look only to the pleading itself and consider the well-pled factual allegations contained therein. . . . [and] must also assume the truth of the well-pled factual allegations and indulge all reasonable inferences therefrom."), Plaintiff has failed to allege any actions by Defendant Otto that would fall outside the scope of prosecutorial immunity.[3]

---

[3] Because of deficiencies in Pl. Compl.1 and Pl. Compl.2, Defendants have also provided the Court with an affidavit from Defendant Otto. According to Rule 12(d), "[i]f, on a motion under Rule 12(b)(6)…, matters outside the pleadings are presented to, and not

Plaintiff's claims center around Defendant Otto's decision not to file charges related to an alleged sexual assault that occurred in 1993. *Pl. Compl.1*; *Pl. Compl.2*.   A prosecutor must follow the law in deciding whether to issue charges, including consideration of the applicable statute of limitations. *See e.g. State v. Hughes*, 193 Ariz. 72, 80, ¶ 33 (1998) ("The prosecutor has an obligation to seek justice, not merely a conviction, and must refrain from using improper methods to obtain a conviction."); *State v. Escobar-Mendez*, 195 Ariz. 194, 197, ¶ 13 (App. 1999) ("Statutes of limitations in criminal cases are jurisdictional. They limit the power of the sovereign to act against the accused.").

In determining whether a criminal prosecution is barred by the statute of limitations, a prosecutor must apply the statute that was in effect when the offenses were committed.   *Martin v. Superior Court*, 135 Ariz. 99, 100 (1983) (unless the legislature states otherwise, statutes of limitations are prospective).   This is also true for sexual offenses.  *Taylor v. Cruikshank*, 214 Ariz. 40, 42, ¶¶ 8–9 (2006) (although prosecutions were initiated in 2006, the relevant statute of limitations was the one in effect at the time of their commission).

A.R.S. §13-107, which governs the statute of limitations for criminal offenses, was amended in 2001 to contain a provision that "[a] prosecution for… any offense that is listed in chapter 14[4]… of this title and that is a class 2 felony… may be commenced at any time." A.R.S. §13-107(A).  However, the statute in effect at the time of Plaintiff's

---

excluded by, the court, the motion must be treated as one for summary judgment under Rule 56." Summary judgment is appropriate "if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). It is unclear whether the Court will consider the Affidavit of Defendant Otto, thereby converting this Motion to one for summary judgment.  Should the Court convert the motion, Defendants LaWall and Otto are still entitled to dismissal for the reasons stated herein.

[4] Sexual Offenses

*Wilkerson v. LaWall et al., C20193114*

alleged sexual assault in 1993 was not so expansive.  At that time, the relevant portion of A.R.S. §13-107 read:

> Except as otherwise provided in this section, prosecutions for other offenses [apart from homicide, misuse of public money, or falsification of public records] must be commenced within the following periods after actual discovery by the state or the political subdivision having jurisdiction of the offense or discovery by the state or such political subdivision which should have occurred with the exercise of reasonable diligence, whichever first occurs:
>
> 1. For a class 2 through a class 6 felony, seven years.

A.R.S. §13-107(B)(1)(1985) (current version at A.R.S. §13-107(A) and (B)(1)(2017)).

Sexual assault, a class 2 felony criminalized in A.R.S. §13-1406, was not exempt from the seven year statute of limitations in 1993.  Because Plaintiff reported her alleged sexual assault to law enforcement in 1993, including the nature of the crime and the person who had committed it, the State had "discovered" the crime within the meaning of A.R.S. §13-107, triggering the seven year statute of limitations.  *See State v. Jackson*, 208 Ariz. 56, 65, ¶ 30 (App. 2004) ("[T]he seven-year limitation period under [A.R.S. §13-107] begins 'when the authorities know or should know in the exercise of reasonable diligence that there is probable cause to believe a criminal [offense] has been committed.'"). Therefore, by the time Defendant Otto reviewed the case, prosecution had been barred for approximately 18 years.

It is clear from Plaintiff's Complaint that she disagrees with Defendant Otto's analysis of the applicability of A.R.S. §13-107 to her alleged sexual assault.  Even if her analysis were legally flawed as Plaintiff believes, Defendant Otto's actions are nonetheless entitled to absolute immunity because they were undertaken within her quasi-judicial role as a prosecutor deciding whether or not to file charges.  Further, because

BARBARA LAWALL
PIMA COUNTY ATTORNEY
CIVIL DIVISION

absolute prosecutorial immunity is recognized equally in federal and state causes of action, Defendant Otto is immune from suit as to both the alleged 14th Amendment violations and the postulated fraudulent use of government resources claim. Consequently, Plaintiff cannot state a claim upon which relief can be granted and her Complaint(s) should be dismissed with prejudice against Defendant Otto.[5]

**B. Defendant LaWall is also entitled to dismissal with prejudice**.

"The doctrine of respondeat superior generally holds an employer vicariously liable for the negligent work-related actions of its employees." *Tarron v. Bowen Mach. & Fabricating, Inc.,* 225 Ariz. 147, 150, ¶ 9 (2010). However, for the employer to be vicariously liable, the employee must be acting within the course and scope of his or her employment when the alleged negligence occurs. *Engler v. Gulf Interstate Engineering, Inc.,* 230 Ariz. 55, 57, ¶ 9 (2012). An employee is acting within the course and scope of employment when he is subject to the employer's control. *Id.* at ¶ 10.

An employee working for an elected official performing statutorily-mandated duties is considered to be under the control of that official. *See* e.g. *Fridena v. Maricopa County*, 18 Ariz. App. 527, 530–31 (1972) (Counties do not have a right of control over Sheriffs or their deputies in the exercise of their statutory duties); *Yamamoto v. Santa Cruz County Board of Supervisors*, 124 Ariz. 538, 540 (App. 1979) (Counties do not have a right of control over the clerk of the Superior Court or her deputies in the exercise of their statutory duties). According to A.R.S. § 11-532 (A)(4), "[t]he county attorney is the public prosecutor of the county and shall. . . [d]raw indictments and informations. . . ." Inherent in this duty is the necessity to first assess evidence and determine whether

---

[5] Dismissal with prejudice is appropriate when amending the complaint will not cure its legal defects. *Wigglesworth v. Mauldin*, 195 Ariz. 432, 439–40, ¶¶ 27–28 (App. 1999). There is no amendment that can overcome absolute prosecutorial immunity.

BARBARA LAWALL
PIMA COUNTY ATTORNEY
CIVIL DIVISION

*Wilkerson v. LaWall et al., C20193114*

1   charges are appropriate.   Therefore, it is theoretically possible that a county attorney

2   could be liable for a deputy county attorney's decision not to file charges in a criminal

3   case.

4        However, respondeat superior is subject to two very important limitations that

5   render it inapplicable in this case.   First, to the extent Plaintiff alleges that her

6   constitutional rights were violated, her claim would properly fall under 42 U.S.C. § 1983.

7   Per the United States Supreme Court, "[g]overnment officials may not be held liable for

8   the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."

9   *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).   "Because vicarious liability is inapplicable

10  to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant,

11  through the official's own individual actions, has violated the Constitution."   *Id.*

12       Second, to the extent Plaintiff's claims rest on the unrecognized state tort of

13  fraudulent use of government resources, respondeat superior is a doctrine of vicarious

14  liability.   As such, "when the master's liability is based solely on the negligence of his

15  servant, a judgment in favor of the servant is a judgment in favor of the master."   *Ford v.*

16  *Revlon, Inc.*, 153 Ariz. 38, 42 (1987).   It is only "where there is independent negligence

17  on the part of the master [that] the master may be liable, apart from his derivative liability

18  for his servant's wrongful acts."   *Id.*

19       In this case, Plaintiff's allegations against Defendant LaWall stem exclusively

20  from Defendant LaWall's role as Defendant Otto's employer.   *Pl. Compl.2* at p.1–2, ¶ 1.

21  Absent separate and distinct allegations of misconduct against Defendant LaWall that

22  implicate actions taken outside the quasi-judicial function of evaluating a case for

23  potential criminal charges, there is no independent basis for liability against Defendant

24  LaWall.   Stated plainly, Defendant LaWall's liability in this case hinges on that of

25  Defendant Otto and Defendant Otto's actions are immune from suit, so Defendant

26  LaWall is also immune.   This being true, Plaintiff cannot state a claim upon which relief

1  can be granted as to Defendant LaWall and, per Rule 12(b)(6), Defendant LaWall is also

2  entitled to dismissal with prejudice.

3  **III.    CONCLUSION**

4        Plaintiff has failed to state a claim upon which relief can be granted as to either

5  Defendant LaWall or Defendant Otto.  Because no amendment will cure the defects in

6  Plaintiff's Complaint, this action should be dismissed with prejudice as to both

7  Defendants.

8

9        RESPECTFULLY SUBMITTED July 12, 2019.

10

11                 BARBARA LAWALL
               PIMA COUNTY ATTORNEY

12

13               By */s/ Laura Roubicek*

14                 Laura Roubicek
               Deputy County Attorney

15

16

17

18

19

20

21

22

23

24

25

26

BARBARA LAWALL
PIMA COUNTY ATTORNEY
CIVIL DIVISION

**CERTIFICATE OF SERVICE**

I hereby certify that on July 12, 2019, I electronically transmitted the attached document to the Clerk's Office using the TurboCourt System for filing and electronic service to the following TurboCourt registrants:

Additionally, a copy of the foregoing has been mailed on July 12, 2019, to:

Lola Wilkerson
4608 E. Lester St.
Tucson, AZ 85712
*Pro Se*

By: */s/ Bianca Paravano*