**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lola Wilkerson, | No. CV-19-00360-TUC-EJM |
| Plaintiff, | **ORDER** |
| v. | |
| Barbara LaWall, et al., | |
| Defendants. | |

Plaintiff Lola Wilkerson filed her complaint in Pima County Superior Court on June 26, 2019, alleging fraudulent use of government resources and violation of her constitutional rights. (Doc. 1-3 at 2–7). Plaintiff alleged Defendants LaWall and Otto improperly relied upon Ariz. Rev. Stat. Ann. § 13-107 and that Defendant Mangus was responsible for fraudulent statements, reports and actions committed by police officers. Defendant Mangus removed the case to this Court on July 16, 2019. (Doc. 1).

The following pleadings are currently pending before this Court: Motion for More Definitive Statement Under Rule 12(e) by Defendants LaWall and Otto (Doc. 1-3 at 17); Motion to Dismiss by Defendants LaWall and Otto (Doc. 1-3 at 42); Motion to Dismiss by Defendant Magnus (Doc. 6); Plaintiff's Application to Proceed In Forma Pauperis (Doc. 9); Plaintiff's Motion for Leave to Amend Complaint (Doc. 10); Plaintiff's Motion to Provide Pro Bono Attorney (Doc. 12); Motion to Dismiss Amended Complaint by Defendants LaWall and Otto (Doc. 17); Defendants' Motion to Strike Plaintiff's Submission of Statement to the Reply for Denial of Dismissal (Doc. 18); Plaintiff's Motion

for Permission to Submit Evidence in Audio Form and DVD Format (Doc. 21); Defendants' Motion to Strike Plaintiff's Motion for Permission to Submit Evidence in Audio Form and DVD Format and Plaintiff's Evidence Submission (Doc. 23); and Plaintiff's Motion for Extension (Doc. 25). The Court will consider each of these matters below.

## I. Factual Background

Plaintiff's Amended Complaint alleges violation of her Thirteenth and Fourteenth Amendment rights by the Tucson Police Department and the Pima County Attorney's Office. (Doc. 10-1). Plaintiff alleges that she was sexually assaulted by her husband in 1993 and that when she reported it to police, she was told that no crime had been committed because at the time, under Arizona law marriage implied consent. *Id.* at 4. Plaintiff reported the 1993 assault again in 2018. Plaintiff alleges Defendant Otto wrongly applied Ariz. Rev. Stat. 13-107(B) to dismiss her case in 2018 based on the 7-year statute of limitations, and that therefore the Tucson Police Department and Pima County Attorney's Office have broken state law and denied her equal protection under the law. *Id.* at 4. Plaintiff alleges injuries including mental health problems, loss of custody of her children, and miscarriage as a result of spousal abuse. (Doc. 10-1 at 11). She requests $25,000,000 in damages from TPD and $10,000,000 in damages from PCAO. *Id.*

## II. Application to Proceed In Forma Pauperis

Plaintiff requests to proceed *in forma pauperis*. (Doc. 9). However, there is no fee attributable to Plaintiff for the removal of this action. Nonetheless, as the state court granted Plaintiff a fee deferral (Doc. 1-3 at 8–9), the Court will grant this request to be consistent with the state court ruling.

## III. Motion to Appoint Counsel

Plaintiff requests a pro bono attorney be provided to assist her. (Doc. 12). She asserts that such assistance would provide her with a more fair proceeding because Defendants are provided with the assistance of government counsel, and because she suffers from PTSD and is unable to work.

There is no constitutional right to appointment of counsel in a civil case. *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266 (9th Cir. 1982). The appointment of counsel in a civil rights case is required only when exceptional circumstances are present. *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). The Court may request an attorney to represent a person proceeding *in forma pauperis* who is unable to employ counsel. 28 U.S.C. § 1915(d). The Court does not have the power to make a mandatory appointment of counsel but may request assistance from volunteer counsel. *Id.*; *United States v. 30.64 Acres of Land*, 795 F.2d 796 (9th Cir. 1986). The Court only does so in exceptional circumstances. In determining whether to request the assistance of an attorney, the Court considers the "likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998).

In the present case, the Court does not find the required exceptional circumstances. Plaintiff has not provided any information to conclude that there is a likelihood of success. Rather, at this point, the documents before the Court simply indicate that there is a dispute between the parties. Further, Plaintiff's assertion that she suffers from PTSD and is unable to work does not indicate that she is unable to articulate her claims in light of the complexity of the claims. Rather, Plaintiff has been able to articulate her claims and requests and has done a credible job in presenting motions and filing supporting papers on behalf of her case. *Jackson v. Dallas Police Dep't*, 811 F.2d 260 (5th Cir. 1986). Indeed, the Court finds that any difficulty Plaintiff may be having in presenting her claims pro se is not based on the complexity of the legal issues involved but rather on the general difficulty of litigating pro se. *See generally Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986). Accordingly, Plaintiff's Motion for Appointment of Counsel will be denied.

**IV.    Motion for More Definitive Statement Under Rule 12(e)**

Defendants LaWall and Otto filed a motion in superior court requesting that Plaintiff be ordered to provide a more definite statement of the claims alleged, as well as the specific

facts giving rise to them as required by Ariz. R. Civ. P. 8 and 12. (Doc. 1-3 at 17–23). Plaintiff filed a response wherein she provided more detail (Doc. 1-3 at 28–35), and also filed an Amended Complaint which includes more detail (Doc. 10-1).

A Rule 12(e) motion for a more definite statement is proper when the pleading at issue "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). However, a motion for a more definite statement must be considered in light of the liberal pleading standards of Rule 8(a) that a complaint need only be a "short and plain statement of the claim showing that the pleader is entitled to relief [.]" "The Rule means what it says [and a] claimant need not set out in detail the facts upon which he bases his claim." *Castillo v. Norton*, 219 F.R.D. 155, 159 (D. Ariz. 2003) (internal quotations and citations omitted). "Rather, the complaint need only provide the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.*; *see Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994) ("Motions for a more definite statement are viewed with disfavor and are rarely granted because of the minimal pleading requirements of the Federal Rules."). Some district courts have noted that "Rule 12(e) motions attack the intelligibility of the complaint, not the lack of detail, and are properly denied where the complaint notifies the defendant of the substance of the claims asserted." *United States v. Sequel Contractors, Inc.*, 402 F. Supp. 2d 1142, 1147 (C.D. Cal. 2005).

The Court finds Plaintiff has provided more details in her response and Amended Complaint. Therefore, the Court will grant Defendants' request for a more definitive statement and further finds that Defendants' request is satisfied by Plaintiffs' filings.

**V.     Motion for Leave to Amend Complaint**

Plaintiff requests leave to amend her complaint to meet federal court criteria and to provide additional information regarding her case. (Doc. 10). Plaintiff attached a proposed Amended Complaint to her motion. (Doc. 10-1). Defendants did not file a response. However, Defendants LaWall and Otto subsequently filed a Motion to Dismiss the Amended Complaint for failure to comply with LRCiv 15.1(b). (Doc. 17).

Pursuant to LRCiv 15.1(b),

> If a party files an amended pleading as a matter of course or with the opposing party's written consent, the amending party must file a separate notice of filing the amended pleading. The notice must attach a copy of the amended pleading that indicates in what respect it differs from the pleading which it amends, by bracketing or striking through the text that was deleted and underlining the text that was added.

Here, Plaintiff did not file a separate notice of filing the Amended Complaint. However, Plaintiff did file a motion for leave to amend and attached her proposed Amended Complaint to her motion. And, although Plaintiff failed to submit a marked copy of the Amended Complaint to indicate how it differed from the original complaint, requiring Plaintiff to do so now would serve little purpose and only delay this litigation. Accordingly, the Court will grant Plaintiff's request. Additionally, as the claims in the Amended Complaint are substantially similar to those in the original Complaint, the Court will consider the pending motions as to the Amended Complaint. *See e.g. Mora v. U.S. Bank N.A.*, 2012 WL 879248, at *4 (N.D. Cal. Mar. 15, 2012).

## VI. Motions to Dismiss

Pursuant to Fed. R. Civ. P. 12(b)(6), the Court may grant a motion to dismiss when the plaintiff fails to state a claim upon which relief can be granted. A complaint must contain a "short and plain statement of the grounds for the court's jurisdiction," a "short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought." Fed. R. Civ. P. 8(a). While Rule 8 does not demand factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

A dismissal for failure to state a claim "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (internal citation omitted); *see also Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (Rule 12(b)(6) dismissal motion "can be granted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim."). However, "the court [is not] required to accept as

true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001).

To survive a motion to dismiss under Rule 12(b)(6), a pleading must allege facts sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim must be plausible, allowing the court to draw the reasonable inference that the defendant is liable for the conduct alleged. *Ashcroft*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 557). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (quoting *Twombly*, 550 U.S. at 557).

The Court must view the complaint in the light most favorable to the nonmoving party, with every doubt resolved on her behalf, and with that party's allegations taken as true. *See Abramson v. Brownstein*, 897 F.2d 389, 391 (9th Cir. 1990). Generally, the court only considers the face of the complaint when deciding a motion under Rule 12(b)(6). *See Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).

### a. Defendants LaWall and Otto's Motion to Dismiss

Defendants LaWall and Otto filed a motion to dismiss Plaintiff's complaint pursuant to Ariz. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. 1-3 at 42–51). Defendants specifically argue that any actions they took relating to Plaintiff's claims are protected by prosecutorial immunity. Plaintiff filed a response citing to Arizona law on absolute immunity and argues the Defendants are not entitled to this protection. (Doc. 13).

In *Tenney v. Brandhove*, 341 U.S. 367 (1951), the Supreme Court held that § 1983 is "to be read in harmony with general principles of tort immunities and defenses rather than in derogation of them." *Imbler v. Pachtman*, 424 U.S. 409, 418 (1976). In *Imbler*, the Supreme Court held that prosecutors have the same absolute immunity under § 1983 as

previously established under common law. 424 U.S. at 427 (holding that a state prosecutor has absolute immunity for the initiation and pursuit of criminal prosecution, including presentation at trial). Consistent with common law, prosecutors performing the "traditional functions of an advocate" are entitled to absolute immunity from liability for damages under § 1983. *Genzler v. Longanbach*, 410 F. 3d 630, 636 (9th Cir. 2005). In contrast, prosecutors performing "administrative functions or 'investigative functions normally performed by a detective or police officer,'" rather than the functions of an advocate in the course of the judicial process, are only afforded qualified immunity. *Id.* at 636 (quoting *Kalina v. Fletcher*, 522 U.S. 118, 126 (1997)). As the Ninth Circuit has explained,

> Determining what functions are prosecutorial is an inexact science. The functions are those "intimately associated with the judicial phase of the criminal process," in which the prosecutor is acting as "an officer of the court." Absolute immunity also protects those functions in which the prosecutor acts as an "advocate for the State," even if they "involve actions preliminary to the initiation of a prosecution and actions apart from the courtroom." These actions need not relate to a particular trial and may even be administrative in nature, yet are connected to the trial process and "necessarily require legal knowledge and the exercise of related discretion." Functions for which absolute prosecutorial immunity have been granted include the lawyerly functions of organizing and analyzing evidence and law, and then presenting evidence and analysis to the courts and grand juries on behalf of the government; they also include internal decisions and processes that determine how those functions will be carried out. Prosecutors are absolutely immune from liability for the consequences of their advocacy, however inept or malicious, because it is filtered through a neutral and detached judicial body[.]

*Lacey v. Maricopa Cty.*, 693 F.3d 896, 912–13 (9th Cir. 2012) (internal citations omitted).

Here, Plaintiff's claims concern Defendant Otto's decision not to file charges in 2018 when Plaintiff reported a sexual assault that occurred in 1993. Plaintiff asserts Defendant Otto improperly implemented legislative policy, i.e., Ariz. Rev. Stat. Ann. § 13-107(B), by applying the statute of limitations to the 1993 sexual assault.[1] Plaintiff argues

---

[1] Plaintiff also misreads Ariz. Rev. Stat. Ann. § 13-107(C). That provision states: "For the purposes of subsection B of this section, a prosecution is commenced when an indictment, information or complaint is filed." Plaintiff appears to argue that because no police report was ever filed in 1993, the 7-year statute of limitations could not be applied. (Doc. 10-1 at 4). However, subsection (C) has nothing to do with police reports; it clarifies that a prosecution must be commenced within the applicable time period specified in subsection

that Otto has no immunity for this action. However, the Court agrees with Defendants that the assessment of the application of a statute of limitations is not enacting legislative policy. Indeed, the Ninth Circuit has stated that "it is well established that a prosecutor has absolute immunity for the decision to prosecute a particular case, and for the decision *not to prosecute* a particular case or group of cases." *Botello v. Gammick*, 413 F.3d 971, 976 (9th Cir. 2005) (internal citations omitted); *see also Roe v. City & Cty. of San Francisco*, 109 F.3d 578, 583 (9th Cir. 1997) (holding that "a prosecutor is entitled to absolute immunity for the decision not to prosecute" because "[t]he decision to charge a defendant with a crime may well be the most critical determination in the entire prosecutorial process;" thus, "[t]here can be no question that the nature of the decision not to prosecute is 'intimately associated with the judicial phase of the criminal process.'"); *Challenge, Inc. v. State ex rel. Corbin*, 138 Ariz. 200, 204 (App. 1983) ("A decision to initiate a prosecution unquestionably qualifies for immunity under *Imbler*." (quotation omitted)). Although Plaintiff argues that Defendants "seem to believe they can do as they please . . . and there are no consequences" (Doc. 13 at 3), the policy considerations for affording prosecutorial immunity to a decision whether to initiate criminal charges were recognized by the Supreme Court in *Imbler*: "These include concern that harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust." 424 U.S. at 423. In addition,

> If a prosecutor had only a qualified immunity, the threat of § 1983 suits would undermine performance of his duties no less than would the threat of common-law suits for malicious prosecution. A prosecutor is duty bound to exercise his best judgment both in deciding which suits to bring and in conducting them in court. The public trust of the prosecutor's office would suffer if he were constrained in making every decision by the consequences in terms of his own potential liability in a suit for damages.

*Id.* at 424–425; *see also Milstein v. Cooley*, 257 F.3d 1004, 1007 (9th Cir. 2001).

Further, Defendants provide case law stating that in determining whether a criminal

(B) by filing an indictment, information, or complaint in court.

- 8 -

prosecution is barred by the statute of limitations, a prosecutor must apply the statute that was in effect when the offense was committed. *See Martin v. Superior Court In & For Yuma Cty.*, 135 Ariz. 99, 100 (1983); *Taylor v. Cruikshank*, 214 Ariz. 40, 42 ¶¶ 8–9 (2006). Here, the version of Ariz. Rev. Stat. Ann. § 13-107(A) currently in effect provides that there is no time limit to initiate prosecutions for sexual offenses. However, the statute in effect at the time of Plaintiff's alleged sexual assault in 1993 specified a 7-year statute of limitations. Ariz. Rev. Stat. Ann. § 13-107(B) (1985). However, even if Defendant Otto did incorrectly apply the statute of limitations to Plaintiff's alleged sexual assault, Defendant Otto's decision not to prosecute is still protected by absolute immunity because prosecutors retain absolute discretion in determining when to initiate a prosecution.

Finally, Plaintiff's claims against Defendant LaWall are based exclusively on LaWall being Otto's supervisor; Plaintiff has not alleged any conduct specifically and independently attributable to LaWall. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft*, 556 U.S. at 676. Thus, "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id*. Plaintiff has failed to make any such showing here. Further, to the extent that Plaintiff asserts a tort claim for fraudulent use of government resources, "when the master's liability is based solely on the negligence of his servant, a judgment in favor of the servant is a judgment in favor of the master." *Ford v. Revlon, Inc.*, 153 Ariz. 38, 42 (1987). Because Otto's actions are protected by prosecutorial immunity, LaWall is by extension also protected. And, while a master may be liable for her own independent negligence, Plaintiff has failed to allege any such acts against LaWall. *See Ford*, 153 Ariz. at 42.

In sum, the Court finds that Defendants LaWall and Otto are entitled to prosecutorial immunity. Accordingly, the Court will grant their Motion to Dismiss and the claims against these Defendants will be dismissed. The Court further finds that dismissal with prejudice is appropriate because even if Plaintiff is granted leave to amend, there is no amendment

that can overcome the Defendants' absolute prosecutorial immunity. *See Wigglesworth v. Mauldin*, 195 Ariz. 432, 439–40 (App. 1999).[2]

### b. Defendant Magnus's Motion to Dismiss

Defendant Magnus filed a motion to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. 6). Magnus argues that Plaintiff's complaint fails to make any specific allegations against him or that he personally participated in any of the alleged wrongful conduct, and further that he is entitled to qualified immunity. Plaintiff filed a response arguing that there is ongoing concealment and deceptive tactics being used to cover up misconduct by law enforcement. (Doc. 11 at 1). Plaintiff also states that at the recommendation of the FBI, she filed a complaint against TPD with the Professional Standards Office. *Id.* at 2. Plaintiff further alleges TPD and PCAO have been trying to cover up the lack of evidence from 1993 and deny their accountability to Plaintiff. *Id.* at 3.

Plaintiff alleges violation of her Thirteenth and Fourteenth Amendment rights pursuant to 28 U.S.C. § 1983. "Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." *Filarsky v. Delia*, 566 U.S. 377, 383 (2012). "To prevail on a claim under § 1983, a plaintiff must show that (1) acts by the defendants, (2) under color of state law, (3) deprived him of federal rights, privileges, or immunities, and (4) caused him damage." *Platt v. Moore*, 2018 WL 2058136, at *2 (D. Ariz. Mar. 15, 2018) (citing *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163–64 (9th Cir. 2005)), *appeal filed* April 12, 2019.

As explained above, there is no supervisory liability for Fourteenth Amendment

---

[2] If a Rule 12(b)(6) motion to dismiss is granted, claims may be dismissed with or without prejudice, and with or without leave to amend. "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quoting *Doe v. United States,* 58 F.3d 494, 497 (9th Cir. 1995)). In other words, leave to amend need not be granted when amendment would be futile. *Gompper v. VISX, Inc.,* 298 F.3d 893, 898 (9th Cir. 2002).

violations. "Liability under section 1983 arises only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* Plaintiff does not allege any facts showing that Defendant Magnus was personally involved in the alleged depravation of her civil rights. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Rather, Plaintiff alleges that Chief Magnus was responsible for the conduct of other police officers—exactly the kind of vicarious liability that does not apply to Fourteenth Amendment claims.[3]

Defendant Magnus also argues that to the extent Plaintiff makes a claim for failure to investigate, the Ninth Circuit does not recognize such a claim, and that he is protected by qualified immunity. "Qualified immunity is an immunity from suit." *Trevino v. Gates*, 99 F.3d 911, 916 (9th Cir. 1996), *holding modified by Navarro v. Block*, 250 F.3d 729 (9th Cir. 2001). It "shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Reichle v. Howards*, 566 U.S. 658, 664 (2012); *see also Pearson v. Callahan*, 555 U.S. 223, 231 (2009). "Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735, (2011) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Here, Plaintiff alleges generally that her Thirteenth and Fourteenth Amendment rights were violated, but she fails to show that she has a clearly established statutory or constitutional right regarding her failure to investigate claim. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 915 (9th Cir. 2012); *Sorrels v. McKee*, 290 F.3d 965, 969 (9th Cir. 2002). Plaintiff's bare allegation that she has a right to a police

---

[3] As Defendant Magnus notes, nor did Plaintiff make a municipal liability claim under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). In *Monell*, the Supreme Court held that local governments and local government officials sued in their official capacity are "persons" for purposes of § 1983 and may be held liable for constitutional violations arising from a government policy or custom.

- 11 -

investigation that she deems reasonably thorough is insufficient to show that there is such a federally-protected right and that "[t]he contours of the right [are] sufficiently clear [such] that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Nor has Plaintiff produced "cases of controlling authority . . . at the time of the incident . . . [or] a consensus of cases of persuasive authority such that a reasonable officer could not have believed that his actions were lawful." *Wilson v. Layne*, 526 U.S. 603, 617 (1999). "The initiation of a criminal investigation in and of itself does not implicate a federal constitutional right." *Rehberg v. Paulk*, 611 F.3d 828, 850 n.24 (11th Cir. 2010), *aff'd*, 566 U.S. 356 (2012); *see also Devereaux v. Abby*, 263 F.3d 1070, 1083 (9th Cir. 2001) (Judge Fernandez concurring) ("Devereaux has not spelled out a constitutional right to have investigations conducted in any particular manner.").

In sum, the Court finds that Defendant Magnus is entitled to qualified immunity and that Plaintiff's complaint fails to state a claim against him. Accordingly, the Court will grant the Motion to Dismiss and the claims against Defendant Magnus will be dismissed. The Court further finds that dismissal with prejudice is appropriate because the lack of clearly established law as to Plaintiff's failure to investigate claim is not something that can be cured by filing an amended complaint. *See Wigglesworth*, 195 Ariz. at 439–40.

## VII. Motion for Permission to Submit Evidence in Audio Form and DVD Format

Plaintiff filed a Motion for Permission to Submit Evidence in Audio Form and DVD format (Doc. 21) and an Evidence Submission (Doc. 22). Defendants filed a joint motion to strike Plaintiff's motion and evidence submission as unauthorized by statute or the local or federal rules. (Doc. 23). This case has not entered the discovery phase, and while Plaintiff states that she wishes to submit the evidence to substantiate her factual allegations, it cannot cure the defects in Plaintiff's Amended Complaint nor overcome Defendants' immunity. The Court will therefore deny Plaintiff's motion, grant Defendants' motion, and strike Document No. 22 from the record.

. . .

## VIII. Motion for Extension

Plaintiff filed a Motion for Extension requesting that the Court extend any rulings, filings, motions, or any other actions by Plaintiff because she was going to be out of town from October 23 through November 14, 2019. (Doc. 25). As that time period has now concluded, the Court will deny Plaintiff's motion as moot.

## IX. Conclusion

Accordingly, based on the above, **IT IS HEREBY ORDERED** as follows:

1. **Granting** Plaintiff's Application to Proceed In Forma Pauperis (Doc. 9);
2. **Granting** Plaintiff's Motion for Leave to Amend Complaint (Doc. 10);
3. **Denying** the Motion to Dismiss Amended Complaint by Defendants LaWall and Otto (Doc. 17);
4. **Denying** without prejudice Plaintiff's Motion to Provide Pro Bono Attorney (Doc. 12);
5. **Granting** the Motion for More Definitive Statement Under Rule 12(e) (Doc. 1-3 at 17);
6. **Granting** the Motion to Dismiss (Doc. 1-3 at 42) and dismissing this action with prejudice as to Defendants LaWall and Otto;
7. **Granting** the Motion to Dismiss (Doc. 6) and dismissing this action with prejudice as to Defendant Magnus;
8. **Granting** Defendants' Motion to Strike Plaintiff's Submission of Statement to the Reply for Denial of Dismissal (Doc. 18) and **striking** Document No. 16 from the record as an unauthorized surreply;
9. **Striking** Plaintiff's Submission of Restatement to Replies for Dismissal Motions (Doc. 20) from the record as an unauthorized surreply;
10. **Denying** Plaintiff's Motion for Permission to Submit Evidence in Audio Form and DVD Format (Doc. 21);
11. **Granting** Defendants' Motion to Strike Plaintiff's Motion for Permission to Submit Evidence in Audio Form and DVD Format and Plaintiff's Evidence Submission

(Doc. 23) and **striking** Document No. 22 from the record;

12. **DENYING** Plaintiff's Motion for Extension as moot (Doc. 25).

Accordingly, the Court having resolved the motions to dismiss in favor of Defendants, and determining that the defects in Plaintiff's Amended Complaint cannot be cured through amendment, it is hereby ordered that the Clerk of Court shall enter judgment accordingly and close its file on this matter.

Dated this 6th day of December, 2019.

*[signature]*
Eric J. Markovich
United States Magistrate Judge